THE  STATE  OF  NEVADA,  RESPONDENT,  v.  JOHN MURPHY, APPELLANT.

CRIMINAL LAW — SUPPLYING PROOF OF VENUE AFTER PROSECUTION RESTS·
      Where in a criminal case after the prosecution rested defendant moved for
      his discharge on the ground that there had been no proof of venue; and
      the court thereupon allowed the State to call a witness and prove a venue :
      *Held*, eminently proper.

MURDER—PROOF BY EXPERTS OF MORTAL CHARACTER OF WOUND NOT INDIS.
      PENSABLE.  In a murder case, when the proof was that deceased was a
      strong and apparently healthy man; that he was wounded by a pistol shot
      fired by defendant; that he immediately took to his bed; suffered intensely
      for two days and then died; and it was objected there was no proof by
      experts that the wound was dangerous or mortal or caused the death :
      *Held*, that the evidence of experts was not indispensable and that the proof
      as it stood was sufficient to go to the jury and, in the absence of showing to
      the contrary, justified a verdict against defendant.

DYING DECLARATIONS, WHAT ARE ADMISSIBLE.  Dying declarations, which may
      properly be admitted, are such as touch upon the cause of, or circumstances
      surrounding, the approaching death.

OBJECTION OF  "HEARSAY" TO DYING DECLARATIONS NOT AVAILABLE.  A
      general objection to the introduction of dying declarations that they
      are hearsay, is not available, as all evidence of dying declarations must
      necessarily be hearsay.

FOUNDATION FOR INTRODUCTION OF DYING DECLARATIONS.  It is sufficient foun-
      dation for the introduction of dying declarations to show that at the time
      of making them he was in expectation of death from the effects of his wound·

OBJECTIONS TO EVIDENCE SHOULD STATE POINT OF EXCEPTION.  Where in a
      murder case a witness was asked to testify as to the dying declarations of
      deceased; and it was objected to such proposed evidence that it was hear-

State *v.* Murphy.

say and that no proper foundation had been laid : *Held*, that the objection was not specific enough to cover the point that the declarations did not touch the cause of, or circumstances surrounding, the approaching death.

No ERROR IN ADMISSION OF UNPREJUDICIAL TESTIMONY, THOUGH IRRELEVANT. Where in a murder case testimony was admitted as to what purported to be dying declarations ; but it also appeared in proof that defendant had made a confession which warranted a conviction : *Held*, that though the declarations may have been irrelevant, the testimony could not have prejudiced defendant.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

Defendant was indicted for the murder of John K. McCallum by shooting him with a pistol on May 12, 1874, at Carson City in Ormsby County. He was tried in August and convicted of murder in the first degree, and sentenced to be hanged. He appealed from the judgment.

At the trial, after the prosecution had rested, counsel for defendant moved for the discharge of the prisoner upon the grounds—

"First, that there is no evidence in the record proving that the crime had been committed within the County of Ormsby and State of Nevada, or within the jurisdiction of this court;

"Second, that it is not shown by any expert that the wound was dangerous or mortal, or that the death of the deceased was caused by the wound."

The court overruled the motion on the second point, and on the first granted leave to the State to supply the proof of venue; and a witness was thereupon called who testified that the shooting was done in Carson City, as alleged in the indictment.

In the course of the examination of Thomas Wells, a witness for the prosecution, it appeared that deceased on the day before his death and in the expectation of speedy

dissolution (saying he had given up all hopes of recovery and knew he would die from the effects of his wound) made certain statements or declarations.    Witness was asked to repeat them.    Defendant objected on the ground that the proposed testimony, if any such statements were made, was hearsay and that the proper foundation for such testimony had not been laid.    The objections were overruled and defendant excepted.    Witness then testified:

"He [deceased] then told me that on the last Saturday previous to the shooting, at a wood camp up in the mountains in the vicinity of Spooner's Station, he and defendant had a difficulty; that it commenced by the defendant throwing at deceased a whisky bottle, which, however, did not hit the deceased.    Defendant then rushed upon him where he stood at a table.    The deceased seized a mustard bottle, the mouth of which had been broken off; held it in his hand and struck the defendant over the head with it several times to keep him off from him [deceased].    That they were then separated and the defendant left, and he saw him no more until the occasion of the shooting.    That deceased did not at the first difficulty at the camp nor at any previous time give the defendant any occasion to assault deceased as he did.    Deceased stated that he came to Carson from the camps on Sunday afternoon.    That the reason he left the camps and came to this town was because he wanted to evade Murphy; that just previous to leaving he was informed that Murphy had returned there.    He also said that at the time of shooting he had no weapon upon his person.    This is a statement of what he said as fully as I can give it."

S. F. Swift, sheriff of Ormsby County, also a witness for the prosecution, testified, among other things, as follows:

" Murphy (the defendant) made a voluntary statement to me in regard to the difficulty.    I had offered him no reward, nor threat, nor held out any inducement to him to obtain

this statement. He said he was coming up the street when he saw deceased coming towards him. He thought deceased made a demonstration as if he was going after his pistol. He said he (Murphy) drew his pistol, when deceased was standing, as he thought, sideways, towards him; and that he fired about the time deceased started to run. That they ran through Benton's stable, and in the back end of the stable he fired his second shot and desisted. That he did not fire but two shots. That deceased looked over his (deceased's) shoulder, and Murphy told him to run. I asked him if he fired any more than two shots. He said no; he had fired off one previously. He also said the first shot took effect. This he told me a short time after he was confined in the jail. He also said deceased was between a post and himself, and that he (Murphy) thought deceased was going for his pistol at the time."

*Robert M. Clarke,* for Appellant.

*L. A. Buckner,* Attorney General, *William Patterson* and *Thomas Wells,* for Respondent.

By the Court, WHITMAN, C. J.:

When the prosecution rested in this case, motion was made for appellant's discharge upon the grounds—first, that there was no sufficient proof of the venue as laid in the indictment; second, that it was "not shown by any expert that the wound was dangerous or mortal, or that the death of the deceased was caused by the wound." Although the proof would appear to have been already redundant on the first point of objection, the court allowed a witness to testify thereon, and this is assigned as error. To permit the supplying of proof on this point, had it been necessary, would have been eminently proper at any stage of the case, and its refusal would have been a refusal of justice. Certainly it could be no more error, if unnecessarily allowed.

State v. Murphy.

To the second point it may be answered that no proof by experts was necessary, as seems to be held by counsel; and giving the objection its broadest scope, reference to the transcript will show that deceased, a strong and apparently healthy man, was wounded by two pistol shots fired by appellant; that he immediately took to his bed; suffered intensely for two days, and then died. If this, in absence of all opposing testimony, was not sufficient to go to the jury, it would be difficult to imagine adequate proof. It was properly submitted; and the jury decided by their verdict that it was conclusive upon the point, that the injury inflicted by the appellant was the proximate cause of death; and there is no showing that such decision was incorrect. It is also objected that evidence of so-called dying declarations was received against appellant's objection. The evidence was certainly not within the rule of dying declarations, being mainly a recital of matters occurring several days before the shooting. But the objection is not sufficiently pointed, being "that it (the evidence) was hearsay, and that the proper foundation for such testimony had not been laid by the witness." The court decided, and properly, that the foundation was sufficient. All evidence of dying declarations must necessarily be hearsay; while the specific objection to the evidence offered should have been to the character of the testimony, as not touching the cause of, or circumstances surrounding, the approaching death.

Admitting the objection to have been specific, yet the evidence was not of a character calculated to prejudice the appellant; it was irrelevant; and the transcript teems with such; but in fact appellant settled his own case by his confession to the sheriff.

The record discloses no error, and the judgment of the district court is affirmed.