ADDISON P. COOK v. WILLIS BERTRAM.

*New Trial in Ejectment—Comp. L., § 6244.*

The Michigan statute providing that upon a new trial in ejectment the defendant may show in bar of a recovery any matters which, if he were plaintiff, he might show to entitle him to possession (Comp. L., § 6244), applies only where the plaintiff has taken possession by virtue of his recovery in the former action.

Error to Lenawee. Submitted June 14. Decided June 19.

EJECTMENT. The facts are in the opinion.

*W. W. Osborn* and *Walker & Weaver* (on brief) for plaintiff in error. A new trial is conducted as if it were the first one. *Donahue v. Klassner*, 22 Mich., 254. A tenant cannot dispute his landlord's title through another. *Byrne v. Beeson*, 1 Doug. (Mich.), 179; *Lee v. Payne*, 4 Mich., 106; *Falkner v. Beers*, 2 Doug. (Mich.), 117; *Blanchard v. Tyler*, 12 Mich., 339; *Ryerson v. Eldred*, 18 Mich., 12; *Bertram v. Cook*, 32 Mich., 518.

*A. L. Millard* and *Stacy & Underwood* (on brief) for defendant in error.

GRAVES, J. Cook brought ejectment against Bertram who was in possession. Bertram claimed under two deeds given on sales for taxes, and he endeavored to ground a defense on them. Cook introduced evidence which he claimed was sufficient to estop Bertram from maintaining his possession against this action on the strength of the tax title deeds, and the court charged the jury that if the facts were found to be as asserted by Cook the estoppel was made out. The jury under this charge gave their verdict for Cook, and Bertram brought error. This court sustained the ruling and affirmed the judgment. *Bertram v. Cook*, 32 Mich., 518. The record was remanded to permit further action under the statute, and Bertram took a new trial as there allowed. The trial took place last November and under the instruction of the judge the defendant Bertram recovered. Cook thereupon brought error. The evidence submitted was the same as upon the first trial. The court, however, was of opinion that as the trial was a new one granted by the statute, it was governed by Comp. L., § 6244, and that this section secured to the defendant the right to show and avail himself of the tax deeds in bar of a recovery, and deprived the plaintiff of the right he held on the first trial to set up the matter of equitable estoppel against the claim under the tax deeds. And pursuing this view the judge

refused to charge as on the first trial; but told the jury the defendant was entitled to a verdict.

This was error. The provision referred to is applicable only to cases where the plaintiff has taken possession by virtue of a recovery and a new trial is had under the statute, and there is no pretense that Bertram had been put out under the first recovery. This statute could therefore exercise no influence on Cook's right to rely upon the matter of estoppel at the last trial, and the same consideration was due to the evidence as at the first trial. We shall defer an examination concerning the sense of the provision until some case is presented which requires it. We express no opinion upon it now. We only observe that whatever may be its scope and force in cases in which the Legislature designed it to operate, it has no application at all in this case.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.