THE STATE v. THOMAS.

1. **Criminal Law:** COMPOUND OFFENSE: RAPE AND INCEST. The crimes of rape and incest cannot both be committed by the same act, and cannot be charged in an indictment as a compound offense under section 4300 of the Code; the consent of both parties to the connection being necessary to constitute the crime of incest under the statute. BECK and DAY, JJ., *dissenting*.

*Appeal from Floyd District Court.*

FRIDAY, MARCH 19.

THE indictment in this case contains two counts. In the first the defendant is charged with having committed rape upon one Electa Thomas; in the second he is charged with having had carnal knowledge of one Electa Thomas, his daughter, and it is stated that the matters and things charged in the

second count are the same transaction charged in the first count.

The defendant demurred to the indictment on the ground that it charges two distinct offenses, rape and incest, and is, accordingly, bad for duplicity. The court overruled the demurrer and the defendant was found guilty upon both counts. Upon the first count the court, upon motion, set aside the verdict. Upon the verdict upon the second count the court rendered judgment. The defendant appeals.

*J. S. Root* and *F. M. Goodykoontz*, for appellants.

*J. F. McJunkin, Attorney General*, for the State.

ADAMS, CH. J.—Section 4030 of the Code provides that, "if any persons within the prohibited degrees * * * *

1. CRIMINAL LAW: compound offense: rape and incest.

carnally know each other, they shall be deemed guilty of incest." The second count of the indictment, which is the count in question, does not charge that the defendant and Electa Thomas carnally knew each other. It merely charges that the defendant had carnal knowledge of Electa Thomas, his daughter. It was assumed, however, by counsel and by the court below that the count was sufficient to charge incest, and it is that alone of which the defendant stands convicted. The question argued by counsel and presented for our decision is as to whether rape and incest are necessarily distinct offenses, or whether they may, if the parties are related within the prohibited degrees, as in this case, be a compound offense. The theory of the counsel for the State is, that if a man has carnal knowledge of a woman related to him within the prohibited degrees he is necessarily guilty of incest, and, if he has carnal knowledge of her by force, he is also guilty of rape, so that the crime of rape, committed by one person upon another related within the prohibited degrees, necessarily includes incest, and that the guilty person may be charged with both in the same indictment and convicted of the latter if not the former.

Consent, of course, excludes rape. Whether force and want of consent exclude incest, must be determined by the construction which should be put upon the section of the Code above cited. In construing that section it is to be observed that to·constitute the crime of incest the parties must have carnal knowledge of each other. It is not sufficient that the man should have carnal knowledge of the woman, unless it follows that in such case she would necessarily have carnal knowledge of him. We come, then, to the question as to whether it can be said that a woman who is ravished has carnal knowledge of the man, within the meaning of the statute. In our opinion it cannot. The very use of the word *knowledge* indicates that the connection is to be deemed one of the mind as well as the body. It is further to be observed that the statute seems to imply that a person is not to be deemed singly guilty of incest. The language is: "*They* shall be deemed guilty of incest." Possibly if the connection should be accomplished by fraud, the party perpetrating the fraud might be deemed guilty of incest. The innocent party, of course, could not be. Again, it is easy to see that rape and incest have each a distinct element of criminality. The use of force is criminal, but this criminality is essentially different from this corruption of the mind of the other party where force is wanting.

.As favoring the construction contended for by the counsel for the State, the case of *Commonwealth v. Goodhue*, 2 Met., 193, is cited. In that case it was held that the defendant might be convicted of incest notwithstanding the illicit connection might have been accomplished by force. The same was held in *People v. Rowle*, 2 Mich., *nisi prius*, Reports, 209. The latter decision was made under a statute similar to ours, but it is not entitled to much weight as an authority.

In *People v. Harriden*, 1 Parker's Crim. R. (N. Y.), 344, it was held under a statute similar to ours that where this illicit connection is accomplished by force the defendant cannot be convicted of incest, but only of rape. See also, *De*

*Groat v. People*, 37 Mich., 124. In *Noble v. State*, 22 Ohio State, the court assumed, and stated by way of argument, that the crime of incest can be committed only by two willing parties. Deeming this to be the correct view, it follows that in our opinion rape and incest are necessarily distinct offenses and should not be charged in the same indictment.

REVERSED.

BECK, J., *dissenting*. Code, § 4300, is in the following language:

" The indictment must charge but one offense, but it may be charged in different forms to meet the testimony, and if it may have been committed in different modes and by different means, the indictment may allege the modes and means in the alternative; *provided*, that in case of compound offenses, where, in the same transaction, more than one offense has been committed, the indictment may charge the several offenses, and the defendant may be convicted of any offense included therein; *provided further*, that this section shall in no manner affect any provision of this Code providing for the suppression of intemperance."

This statute provides that if the criminal acts of which defendant is charged constitute more than one distinct offense they may be separately charged in the same indictment. It is apparent that the distinct offenses contemplated cannot be limited by the same attending circumstances. The act which constitutes the crime—the *leaven* which taints with criminality all the acts connected with the offense, is identical in such offenses, while the accompanying acts constituting the distinct offenses are different. The act which is the *leaven* of the offense is not the foundation of its designation; this is based upon attending circumstances or other acts which, in themselves, may or may not be criminal. Thus, in homicides, the *leaven* of the offense is the unlawful killing, the ingredient of deliberation and premeditation is the base of the designa-

tion of murder in the first degree, and other attending circumstances in the unlawful killing of a human being support the designation of manslaughter. The feloneous taking and carrying away of goods constitutes the crime of larceny. But the circumstances under which the offense is committed give it various designations, as larceny from the person, larceny in the night from a dwelling, etc., etc.

It will be observed that all crimes of the same character, or class, rest upon one common act which may be appropriately called the *leaven* of the offenses, as it taints with guilt and unites in crime all the attending acts. Distinct crimes of the same class resting upon the same criminal act, under the statute cited above, may be charged in the same indictment. By considering a part of the attending circumstances the crime will take one designation; by regarding others, another must be applied to it, while the very act which constitutes the crime is the same in both. The statute quoted calls these compound offenses.

In incest and rape the criminal act—the *leaven* of the offenses —is unlawful carnal knowledge of a woman. If it be done by force it is rape; if the woman is within the prohibited degrees of consanguinity or affinity, it is incest. But suppose the act be accompanied both by force and the circumstance of the consanguinity or affinity of the woman, if we leave out of view the force, it is incest; or if we do not consider the relationship of the parties, it is rape. Considering all the attending circumstances, it is a compound offense consisting of both rape and incest, and, under the statute cited above, these several offenses may be charged in the same indictment. I conclude that the indictment in this case, one count charging rape and the other incest, was good, and that defendant was properly sentenced for incest upon the verdict on the second count. It follows if the indictment was good the conviction must stand. The jury, in finding the defendant guilty on the count for incest, did not find force, for it was not an ingredient of the offense of which they convicted defendant on that

count. But they did find upon the first count that defendant accomplished the act by force. The verdict on that count the court below set aside. We have nothing to do with it. We cannot say because the jury convicted on the first count, therefore the ingredient of force is in the case. If the verdict had been permitted to stand, we would be precluded by it, but as it was set aside, the case stands as though such verdict had not been found. This view brings me to the conclusion that the judgment of the court below is correct and ought to stand.

II. The opinion of the majority of the court is based upon the doctrine that because the carnal knowledge was had by force and without the consent of the woman, the crime cannot be incest. To repeat the thought I have just advanced, which may be done quite forcibly just here—how do my brothers know that the guilty act was accomplished by force? The court set aside the verdict on the first count which found force. We cannot determine that there was force. We cannot try the case anew.

But the opinion of my brothers, while it does not directly and plainly so speak, conveys the thought that incest and rape cannot be regarded as compound offenses, one containing all the criminal ingredients of the other. They state the proposition in this language: "force and want of consent exclude incest;" that to constitute incest the woman must be a partaker in the crime. This position, in my opinion, is not supported by the language of the statute.

The object of the statute is to prohibit by punishment sexual intercourse between persons within the degrees of consanguinity or affinity prescribed. Guilt in this case, as in all other cases, depends upon what the criminal does himself and his intentions; his guilt does not depend upon the guilt of another. As we have seen, the real criminal act which the law punishes is carnal knowledge. This he can commit without the woman being guilty.

The language of the section partly cited in the majority

opinion does not support the position assumed by my brothers. That I may be clearly understood, and may correct a misquotation, doubtless made mistakenly, in that opinion, I will quote the section in full.

"Section 4030. If any man marry his father's sister, mother's sister, father's widow, wife's mother, daughter, wife's daughter, son's widow, sister, son's daughter, daughter's daughter, sons son's widow, daughters son's widow, brother's daughter or sister's daughter; or if any woman marry her father's brother, mother's brother, mother's husband, husband's father, son, husband's son, daughter's husband, brother, son's son, daughter's son, son's daughter's husband, daughter's daughter's husband, brother's son, or sister's son; or if any person being in the degrees of consanguinity or affinity in which marriages are prohibited by this section, carnally know each other, they shall be deemed guilty of incest, and shall be punished by imprisonment in the state penitentiary for a term not exceeding ten years and not less than one year."

The language relied upon by my brothers is this: "if any *person* being within the degree of consanguinity   *   *   * carnally know each other, they shall be deemed guilty of incest."

Now it is claimed that the statute in this language requires that both parties shall be guilty before the crime can exist. The language is ungrammatical and demands construction, in order to discover its meaning. We have quite as much authority to substitute the word "another" for "each other" as to substitute the plural "persons" for the singular "person." If we give it the first construction, my brothers' opinion will be without foundation. Indeed, I think the first construction is the correct one. But let me admit that the provision may be construed by substituting the plural "*persons*" for "person." All we have, in that case, is a statute using the plural number. It applies equally to the singular number. Code, § 45, par. 3.

But my brothers insist that the language used, "carnally

know *each other*," implies that both man and woman must "carnally know," and both be guilty of the crime. In my opinion, this is an incorrect conclusion. The language of the section, being in the plural, will apply to two persons, if they are both guilty of the act which is the foundation of the crime. If one be guiltless, the language, under section 45, par. 3, above cited, is inapplicable to him. There may exist circumstances which will relieve one of the parties from guilt; as imbecility of one, or that the connection was accomplished by force or fraud. The opinion of my brothers seems to admit that in case of fraud the person deceived would be innocent, and the other would be guilty of incest. The same conclusion must be reached in case the connection is accomplished by force, or one of the persons is an imbecile. This conclusion is based upon the thought that the crime depends upon the intention and act of the person charged therewith, and not upon the guilt of another. The guilt of defendant rests upon his own acts. He may have guilty connection with a woman, while she, because of fraud, force, or imbecility, is held innocent by the law.

My brothers find support for their position in the words, "carnally know," used in section 4030, providing punishment for incest. They insist that these words imply that the unlawful "connection is to be deemed one of the mind as well as the body." Let me admit, for the purpose of argument, that the words do express a mental condition. But it by no means follows that this mental condition must be found in both man and woman. Certainly, the language does not authorize this conclusion. A secondary meaning of the transitive verb "to know" is, "to have sexual connection with." See Webster's Dictionary. When used in this sense it conveys no idea of assent on the part of the injured person. It is so used in Code, § § 3861 and 3863, defining the crime of rape, and prescribing the punishment therefor. The words "carnally know" and "carnal knowledge" in these sections are so used, with other qualifying words and phrases, as to

indicate that they do not convey the idea claimed for them by my brothers. To illustrate the error of this view, we may substitute in the place of the words, phrases conveying the meaning as claimed by my brothers. The provisions would read as follows:

"Sec. 3861. If any person ravish and *have connection with her assent*, with any female, by force and against her will," etc.

"Sec. 3863. If any person unlawfully have *connection with her assent*, with any female, by administering to her any substance, or by any other means, producing such stupor or such imbecility of mind, or weakness of body, as to prevent resistance," etc.

It is clear that the words " to know" and " knowledge" do not have the meaning given them in the opinion of the majority, and that they are not used in that sense in the statute.

The doctrine for which I contend has the support of the following authorities: *Commonwealth v. Goodhue*, 2 Met. (Mass.), 193; *People v. Rose*, 2 Mich. *(nisi prius)*, 200; 2 Bishop on Criminal Law, sec. 538; 1 Archbold's Criminal Law, pp. 308–310; *Wright v. The State*, 1 Hump.; 196; *Stephen v. The State*, 11 Ga., 225; *Burk v. The State*, 2 Harr. & Johns., 426.

In *Commonwealth v. Goodhue*, the prisoner was indicted for rape upon the person of his daughter, and convicted of incest. The indictment, in addition to the proper allegations describing the crime of rape, charged that the woman ravished was the prisoner's daughter. The Massachusetts statute defining the crime of incest is not materially different from our own, and the accused may be convicted in that state of a crime included within the offense charged.

*The People v. Harriden*, 1 Parker's Criminal Reports, 344, cited in the majority opinion, was decided at *nisi prius*. The question before us was not in *Noble v. The State*, 22 Ohio St., 541, and no decision thereon was made. The court held, one justice dissenting, that *emissio seminis* is an essential in

the crime of incest, a doctrine nowhere else recognized, I believe. In support of this rule, this argument is used in the opinion: " It must be remembered that the crime of incest is committed by two willing parties, and, therefore, in ninety-nine out of a hundred cases, the act will be consummated." This dictum is all that I find in the case, bearing upon the question under consideration.

In my judgment, the opinion of my brothers is in conflict with principle, and unsupported by authority. I cannot concur therein.

DAY, J., concurs with me in this dissent.