## STATE OF IOWA v. ANDREW KOUHNS, Appellant.

**Incest:** EVIDENCE. Defendant was charged with incest with his daughter, who testified that he took her by the arm, and threatened to whip her if she did not submit; and she cried; that he threw her on the ground, and had intercourse; and she became pregnant, and was delivered of a child; that she never had intercourse with any other person, that she told defendant of her pregnancy, and he denied the paternity of the child. *Held,* that there was evidence sufficient to support a verdict of guilty.

RAPE:   *Corroboration*.   The woman with whom a man has incestuous intercourse by means of threats and force is not such an accom-

2   plice that he cannot be convicted upon her uncorroborated evi-
dence, as provided by Code 1873, section 4559.

SAME.   That an incestuous intercourse was had under such circum-

3   stances that the act would amount to rape will not bring it
within Code 1873, section 4560, providing that a conviction for
rape shall not be had upon the uncorroborated evidence of the
. prosecutrix.

Misconduct of Counsel.   In a prosecution for incest with a daughter,
the court struck out an answer by witness to the effect that
the defendant had had sexual intercourse with another daughter,
whereupon the county attorney stated that he understood that to

5   show sexual intercourse of the defendant with any other daughter
was corroborative of the fact that he had sexual intercourse with
the complaining witness.   *Held*, that in the absence of any show-
ing that the county attorney did not make the statement in good
faith, an omission by the court to instruct the jury to disregard
the statement, as requested by the defendant, is not reversible
error.

Jurors: SELECTION.   Code 1873, section 241 (Laws 1886, page 44), pro-
vides that not more than one grand juror shall be drawn from a
township; and the law also provides that the clerk shall give the

6   sheriff his precept within three days after the grand jury is
drawn.   The record shows that the sheriff received the notices on
November 30, and made his return December 6.   *Held*, that a
juror who changed the township of his residence on November
20, but was summoned as a resident of the town from which he
removed,—there being another juror summoned from the town to
which he removed,—was an illegal juror.

Waiver.   Where it does not appear from the record that a defendant
did not know of an irregularity in the drawing of the grand jury
which indicted him, until after he pleaded to the indictment, he
will be held to have waived the irregularity by his plea of not
guilty.

*Appeal from Boone District Court.*—HON. B. P. BIRD-
SALL, Judge.

WEDNESDAY, DECEMBER 15, 1897.

THE defendant was indicted for the crime of incest,
and was convicted, and sentenced to the state peniten-
tiary for the term of five years.   He appeals.—*Affirmed*.

*Dyer & Stevens* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

KINNE, C. J.—I. The defendant was charged with having committed the crime of incest with his daughter Mattie Kouhns. The daughter testified that defendant took her by the arm, and said that he would whip her if she did not do what he wanted her to do; that she cried; that she said nothing; that he took her and threw her on the ground, and had intercourse with her; that she afterwards became pregnant, and was delivered of a child; that she never had intercourse with any other person; that she told defendant that she was pregnant, and he denied the paternity of the child. The defendant denies having had connection with his daughter Mattie, —in fact, denies all of the statements. It is contended that the verdict is supported only by the uncorroborated evidence of the complaining witness, and the argument is that in this case there can be no conviction unless her testimony is corroborated. Section 4560 of the Code of 1873 provides that "the defendant in a prosecution for rape, or for enticing or taking away an unmarried female of previously chaste character for the purposes of prostitution, or aiding or assisting therein, or for seducing and debauching any unmarried woman of previously chaste character, cannot be convicted upon the testimony of the person injured, unless she be corroborated by other evidence tending to connect the defendant with the commission of the offense." Section 4559 provides: "A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it

merely shows the commission of the offense or the circumstances thereof." The crime of incest is not mentioned in section 4560 as one wherein a conviction is dependent upon corroboration. Counsel argue that the evidence required to convict should be the same in case the crime charged is incest as in the cases expressly mentioned in the statute. If that should be conceded, it would furnish no ground for this court's ingrafting something upon the statute which is not provided for therein. The legislature has not seen fit to require corroboration of the complaining witness as a prerequisite to conviction of the crime of incest, and therefore such corroboration is not necessary. In the case referred to by counsel the question of the necessity of corroboration in such a case was not raised. It was therein insisted that the evidence of the prosecutrix was not corroborated, and this court held that it was, without determining the necessity for corroboration when the crime charged was incest. Under the section of the Code of 1873 last quoted, it is contended that the complaining witness was an accomplice, and hence no conviction could be had in the absence of corroboration. But we have held that the woman with whom one has incestuous intercourse is not necessarily an accomplice. *State v. Chambers*, 87 Iowa, 1; *State v. Hurd*, 101 Iowa, 391. If it should be conceded that, if the intercourse was voluntary on part of the prosecutrix, she would be an accomplice, still we have no such case before us. The prosecutrix in the case at bar was some fifteen or sixteen years of age, and it appears from her evidence that the defendant accomplished the act by threats and force. There could therefore have been no acquiescence on her part, and under such circumstances it cannot be said that she is an

accomplice. *State v. Chambers* and *State v. Hurd, supra.* Nor is it material that under the facts the acts would also constitute rape. A conviction may be had of the crime of incest although the facts show that the acts would also constitute rape. *State v. Hurd, supra.* It appears, therefore, that in such a case no corroboration is necessary. There is evidence, —though, perhaps, not very conclusive,—which corroborates the prosecutrix. Under our view of the law, the jury might find the defendant guilty, in the absence of all corroborating evidence, if they believed from the evidence that his guilt was established beyond a reasonable doubt. Without entering into a further discussion of the evidence, it is sufficient for us to say that, after a careful examination of the entire record, we are constrained to hold that the evidence was ample to support the verdict.

II. The county attorney, in the course of the examination of witnesses, said, in the presence and hearing of the jury, "I understand that to show sexual intercourse of the defendant with any other daughter is corroborative of the fact that he had sexual intercourse with the complaining witness in this case, and that he had sexual intercourse with the complaining witness another time is corroborative evidence." Now, this statement was made just following a ruling by the court striking out an answer by a witness to the effect that defendant had had sexual intercourse with one of his daughters other than the prosecutrix. We have often held that it is not error for a county attorney to state to the jury what he thinks has been shown by the evidence. *State v. Beasley,* 84 Iowa, 83; *State v. Cater,* 100 Iowa, 501. So we have held that an erroneous statement as to the law, made by the county attorney in an argument to the jury, is not

reversible error. *State v. Toombs*, 79 Iowa, 741. And we have said that it is not reversible error for a county attorney in good faith to offer evidence that is incompetent. *State v. Gadbois*, 89 Iowa, 25; *State v. Beal*, 94 Iowa, 39. Now, following the adverse ruling of the court, the statement was made by the county attorney. It was objected to by the defendant's counsel, and at the same time they asked that the jury be instructed to disregard it. Defendant contends that the statement constituted prejudicial error, in the absence of an instruction to the jury to disregard it. So far as the record shows, the county attorney was acting in good faith in making the statement, and even though it may not have been, in all respects, a correct statement of the law, if made by him in good faith, believing it to be such, we cannot say that it constituted reversible error. If every statement of a county attorney to a court, in the presence of a jury, which may be erroneous as to the law, is to be held prejudicial error, regardless of the circumstances or of the evidence, it is apparent that few verdicts in criminal cases could be sustained. The evidence introduced in the further progress of the trial was such that it affirmatively appears that the statement under consideration could not have prejudiced the defendant's case.

III.    It is said that the grand jury was not legally selected. The exact complaint is that two of the grand jurors finding the indictment were residents of the same township. The county contains seventeen civil townships. Code 1873, section 241, after providing for drawing jurors, says, "Provided that in drawing such grand jury not more than one person shall be drawn as a grand juror from any civil township, excepting where the grand jury is by law required to be drawn from a district containing fewer civil townships

than the number of grand jurors required to be summoned." Laws 1886, p. 44. The record shows that one Piper, a member of the grand jury which returned the indictment in this case, was, when the poll list was returned to the county auditor, May 25, 1895, a resident of Marcy township, in said county, and so remained until November 20, 1895. At that date he removed to Yell township, in the same county, where he resided at the time the indictment was found. This list was one from which the grand jurors were selected for the January, 1896, term of court. It appears from the evidence of the clerk of the district court that the notices to be sent to grand jurors were given by the clerk to the sheriff on November 30, 1895, and that the sheriff made his return on them December 6, 1895; so that Piper must have been a resident of Yell township when he was summoned by the sheriff as a grand juror. As the law provides that the clerk shall give the sheriff his precept within three days after the grand jurors are drawn, commanding him to summon them, it must be presumed, we think, in view of the statements of the clerk, and notwithstanding Piper's statement in his letter as to the date he was notified, that when drawn, as well as when summoned, he was a resident of Yell township; and it is without dispute that at the drawing one Clark, who was also a resident of Yell township, was drawn as a grand juror. It does not appear from this record that defendant did not know of the irregularity complained of before he pleaded to the indictment. In view of the holding of a majority of the court in *State v Belvel*, 89 Iowa, 405, it must be held that the defendant waived the irregularity, as he might have raised the question by attacking the indictment. *State v. Belvel, supra; State v. Reid*, 20 Iowa, 413. We

do not, therefore, consider what the effect of such an irregularity would be, if the question had been made at the proper time.   On the whole record, it appears that the defendant had a fair trial, and that there was no prejudicial error.—Affirmed.