[No. 3153.  Decided February 7, 1899.]

THE STATE OF WASHINGTON, *Respondent,* v. J. D. NUGENT, *Appellant.*

INCEST — CONSENT AN UNNECESSARY ELEMENT.

Sexual intercourse within the degrees of consanguinity prohibited by Bal. Code, § 7229, is incest, whether the act of intercourse is accomplished with or without the consent of the female.

Appeal from Superior Court, Clarke County.—Hon. ABRAHAM L. MILLER, Judge.  Affirmed.

*W. W. McCredie,* for appellant.

*Charles L. McDonald,* Prosecuting Attorney, for The State.

The opinion of the court was delivered by

GORDON, C. J.—The defendant was convicted of the crime of incest.  For a reversal of the judgment he relies upon a single assignment of error.  The question presented is, can the crime of incest be committed without the concurrent consent of both parties to the sexual act?  That it cannot has been held in numerous cases:  *De Groat v. People,* 39 Mich. 124; *Baumer v. State,* 49 Ind. 544 (19 Am. Rep. 691) ; *State v. Thomas,* 53 Iowa, 214 (4 N. W. 908) ; *State v. Jarvis,* 20 Ore. 437 (23 Am. St. Rep. 141) ; *Yoeman v. State,* 21 Neb. 171 (31 N. W. 69).

The doctrine upon which these cases rest is that it is a joint offense and can be committed only by consenting parties; that to constitute the crime both parties must be guilty; that there must be a union of minds as well as of actions; that force and want of consent exclude incest, and what is rape cannot be incest.

But we are disposed to agree with Mr. Bishop that, in principle, the doctrine has no just foundation. Bishop, Statutory Crimes, § 660. Our statute provides (§ 7229, Bal. Code, Laws 1895, p. 371, § 2):

" Persons being within the degree of consanguinity or affinity within which marriages are prohibited by law, who intermarry with each other, or who commit fornication or adultery with each other, or who carnally know each other, shall be deemed guilty of the crime of incest, and upon conviction thereof shall be punished by imprisonment in the state prison for any term not exceeding twenty years."

The purpose of the statute was to punish sexual intercourse between "persons being within the degrees of consanguinity or affinity within which marriages are prohibited by law." If it be true that both parties must be guilty or neither can be, then it must follow that, if the female is under the age of consent or an imbecile, the crime cannot be incest. We cannot subscribe to such a doctrine. It is illogical and in disregard of the fundamental principle that each must answer for the consequences of his own act, and his own guilt does not depend upon the conduct or mental condition of another. Bearing in mind the main purpose and object of the statute and the principle underlying it, we think it may be construed so as to make the plural "persons" include the singular "person." This construction is expressly authorized by statute. Section 4788, Ballinger's Code (2 Hill's Code, § 1711), provides that "words importing the plural may be applied to the singular." And the words "with each other" do not

necessarily imply that both must be guilty. We think there is nothing of controlling importance in the particular form of expression.

The holding in *State v. Thomas, supra,* was by a divided court,—three to two,—Justice BECK dissenting in an opinion of remarkable clearness in which Justice DAY concurred. The decision in that case seems to us to have been substantially overruled in the later cases of *State v. Chambers,* 87 Iowa, 1 (43 Am. St. Rep. 349, 53 N. W. 1090); *State v. Hurd,* 101 Iowa, 391 (70 N. W. 613); *State v. Kouhns,* 103 Iowa, 720 (73 N. W. 353).

In *Chambers' Case,* decided in 1893, in which the entire court concurred, it is said: "Guilt may exist and is none the less enormous because the act was without the consent of the female." In the still later case, *Hurd, supra* (1897), the court say: "But we hold that, even though it were rape, if the relationship existed essential to the crime of incest, it would be incest—that is, incest would be included in the crime of rape." In our view the consent or non-consent of the female is of no importance, except as it bears on the question of the weight or credit to be given her testimony as being or not being that of an accomplice. If she consented to the sexual act, she is an accomplice and her testimony is the testimony of an accomplice. But, the intercourse and the relationship being established, it is immaterial—as regards the question of defendant's guilt—whether the act of intercourse was or was not with her consent. This view is supported by the following authorities: *State v. Hurd,* 101 Iowa, 391 (70 N. W. 613); *People v. Barnes,* 2 Idaho, 148 (9 Pac. 532); *People v. Kaiser,* 119 Cal. 456 (51 Pac. 702); *Mercer v. State,* 17 Tex. App. 452; *State v. Kouhns,* 103 Iowa, 720 (73 N. W. 353); *Commonwealth v. Goodhue,* 2 Metc. 193; *Commonwealth v. Bakeman,* 131 Mass. 577 (41 Am. Rep. 248); 10 Am. & Eng. Enc. Law, p. 341.

The judgment is affirmed.

DUNBAR, REAVIS and ANDERS, JJ., concur.