STATE OF IOWA, Appellee, v. T. J. RENNICK, Appellant.

**Incest:** SUFFICIENCY OF INDICTMENT. An indictment for incest by a father on his daughter charging the crime substantially in the language of the statute is sufficient, without alleging that he knew her to be his daughter.

**Corroboration of prosecutrix.** A father may be convicted for the crime of incest committed upon his daughter by her uncorroborated testimony, where the act was accomplished by force.

**Instructions.** Where the court correctly instructed as to the elements of the crime of incest and the material facts, failure to charge regarding the consent of the prosecutrix was not error in the absence of a request therefor.

**Defense.** One who commits the crime of incest can not excuse himself by showing that it was brought about by a conspiracy of others.

**Incest:** RAPE. Where a father has forcible intercourse with his daughter, he is guilty of both incest and rape.

**Admission of evidence.** Error can not be predicated on the admission of evidence to which no objection was made.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD,
Judge.

WEDNESDAY, APRIL 12, 1905.

*Tom H. Milner,* for appellant.

*C. W. Mullan,* Attorney-General, and *L. DeGraff,* Assistant Attorney-General, for the State.

WEAVER, J.—The defendant was ·convicted upon the
charge of incest upon the person of his daughter, and appeals.

As to many of the rulings of the trial court which are
here complained of, no exceptions were preserved, and we
cannot consider them.  ·As to other matters which are properly presented, we may briefly say:

I.   The indictment charges the acts constituting the
crime substantially in the language of the statute, but its
sufficiency is challenged by the appellant because it does not .

1. INCEST: sufficiency of indictment.  charge that defendant knew the prosecuting
witness to be his daughter.  The objection is
not well taken.  The statute makes no such requirement.
Whether, if the fact be shown in evidence that the intercourse
between a man and woman within the prohibited degrees
was had without knowledge of their family relationship, it
would entitle the accused to an acquittal, we need not here
decide.   It is enough to say the statute does not make
knowledge one of those essential facts which must be affirmatively alleged and proved by the State.   *Hicks v. People,* 10
Mich. 396; *State v. Dana,* 59 Vt. 614 (10 Atl. Rep. 727);
*State v. Wyman,* 59 Vt. 528 (8 Atl. Rep. 900, 59 Am. Rep.
753); *Bergen v. People,* 17 Ill. 426 (65 Am. Dec. 672).
The case of *Baumer v. State,* 49 Ind. 544 (19 Am. Rep.
691), cited by appellant, is governed by the statute of that
State, which expressly makes knowledge of the relationship
an essential element in the definition of incest.

II.   The objection to the sufficiency of the evidence to

support a conviction is untenable. The testimony to the criminal act is clear and positive. Its credibility was for the jury.

It is claimed by counsel that the defendant could not be rightfully convicted upon the uncorroborated testimony of the daughter, and that the jury should have been so in-
2. CORROBORA-
TION OF
PROSECUTRIX.
structed. There is no statutory requirement which makes corroboration necessary in such cases. The only direct evidence as to the circumstances of the alleged crime is found in the testimony of the daughter, who testifies unequivocally that the connection was accomplished by force and against her will. There is an entire absence of testimony from which the jury could have found any consent on her part. She was therefore not an accomplice, whose evidence must be corroborated to support a conviction. *State v. Kouhns*, 103 Iowa, 720.

It may also be said that the court's instructions as to the elements of the crime and the material facts which must be proved to establish it were clearly correct, and if the ap-
3. INSTRUCTION.
pellant believed there was any testimony from which the consent of the daughter could be inferred, thereby making her an accomplice, who required corroboration, he should have requested an additional instruction based on that theory. This he did not do, and he is therefore not in position to allege error upon the omission.

He advances the theory that the daughter and one Stoner entered into a conspiracy against him; but whether the object of this conspiracy was to prefer a false charge against the
4. DEFENSE.
father, or to entice him into the incestuous act, is not clear from the argument. Of this suggestion in either aspect we need only say there is no evidence from which the jury could properly have found the existence of the alleged conspiracy, and the court correctly informed the jury that, even if such conspiracy was proven, it went only to the credibility of the witnesses involved in the wrongful combination, and that, if defendant did have in-

tercourse with the prosecutrix, the crime was complete, even though others had conspired to bring it about. It requires neither argument nor citation of authorities to sustain the proposition that one who commits a criminal act cannot excuse himself by showing that some one else enticed or tempted him to do wrong.

Of the further contention made, that if the defendant accomplished his purpose by force, he is guilty of rape only, and not of incest, we have to say that, whatever may have

5. INCEST: rape.
been held elsewhere, this court is committed to the doctrine that the offending party under such circumstances is liable to conviction upon either charge. *State v. Kouhns, supra; State v. Hurd,* 101 Iowa, 391.

To sustain the theory of a conspiracy against him, the defendant put in evidence a letter which he claimed was written by Stoner. It was the theory of the State that de-

6. ADMISSION OF EVIDENCE.
fendant himself wrote the letter, and, to aid the jury in determining the identity of the handwriting, it called witnesses who produced and identified other letters purporting to have been written by the accused, and all these writings were admitted in evidence. It is now insisted that this was prejudicial error. The record does not raise the question in a manner to be considered by us. No objection was made or preserved to the offer of this testimony or to the introduction or use of the exhibits, and, under familiar rules, no error can be predicated upon their admission in testimony.

Other objections to rulings of the trial court do not appear to be well founded. The instructions to the jury were as a whole quite favorable to the appellant, and his rights were fairly guarded.

The verdict has support in the record, and the judgment appealed from is *affirmed*.