STATE OF IOWA v. WARREN GOODSELL, Appellant.

**Incest:** CORROBORATION : ACCOMPLICE. The statute does not require corroborating evidence in cases of incest unless the other party to the crime is an accomplice; but where force, fraud, and undue influence is practiced upon the female to bring about the intercourse she is not regarded as an accomplice.

**Same.** A daughter under fourteen years of age is presumed incapable of committing the crime of incest, and though she may have consented under the teaching that it was right, still in the absence of evidence tending to overcome the presumption of incapacity to appreciate the wrong, she cannot be regarded as an accomplice, and failure to instruct on the subject of corroboration is not erroneous.

**Same:** LEGITIMACY OF DAUGHTER. It is enough to show that defendant is the father of the female with whom the alleged intercourse was had to constitute incest, regardless of whether she was a legitimate child.

**Same:** EVIDENCE OF OTHER SIMILAR ACTS. Other acts of undue familiarity may be shown as tending to prove the crime of incest on the occasion in question.

**Limitations:** INSTRUCTION. Where the circumstances are such as to show that the offense of incest was committed within the statute of limitations, if committed at all, it is not necessary to instruct regarding the statute.

**Venue:** EVIDENCE. Evidence held sufficient to support a finding that the prosecution was had in the proper county.

*Appeal from Butler District Court.*— HON. C. H. KELLEY, Judge.

THURSDAY, JUNE 4, 1908.

THE defendant was convicted of the crime of incest, and appeals.— *Affirmed.*

*Tom H. Milner,* for appellant.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,* Assistant Attorney General, for the State.

LADD, C. J.— The State elected to rely on the particular offense said to have been committed in the Shell Rock river in August, 1903. The evidence tended to corroborate the story of the daughter of the accused, but the court failed to instruct the jury on the necessity of corroboration. This is assigned as error. The statute does not exact corroboration in prosecutions for incest save when the other party to the act is an accomplice. Section 5489 of the Code prohibits conviction " upon the testimony of an accomplice, unless corroborated by other evidence which shall tend to connect the defendant with the commission of the offense." Black's Dictionary defines an accomplice as " an associate in crime; one who co-operates, aids, or assists in committing it." Plainly enough a woman who voluntarily has sexual intercourse

with a man within the prohibited degrees of relationship is an accomplice. *State v. Keller,* 8 N. D. 563 (80 N. W. 476, 73 Am. St. Rep. 776); *State v. Jarvis,* 18 Or. 360 (23 Pac. 251); *Porath v. State,* 90 Wis. 527 (63 N. W. 1061, 48 Am. St. Rep. 954); 3 Wigmore, Evidence, section 2060. If, however, the female is the victim of force, fraud, or undue influence, so that she does not act voluntarily and join in the act with the same intent the male does, she ought not to be regarded as an accomplice. *State v. Rennick,* 127 Iowa, 294; *State v. Kouhns,* 103 Iowa, 720.

In the case at bar accused's daughter was under fourteen years of age, and therefore presumed incapable to have committed the crime. *Godfrey v. State,* 31 Ala. 323 (70 Am. Dec. 494), and note. See *State v. Milholland,* 89 Iowa, 6, and cases collected in 22 Cyc. 624. Of course this is a rebuttable presumption, and decreases in strength as the child increases in years. *Martin v. State,* 90 Ala. 602 (8 South. 858, 24 Am. St. Rep. 844). But the evidence tended to confirm rather than rebut this presumption; for, while the victim of defendant's lust did not claim force was used, she did testify that he had taught her the Scriptures approved their conduct, or, in her words, " he used to have me read out of the first part of the Old Testament, and pointed out different things in the first part of the Old Testament that he said stood up and said it was right for us to do that way." In the absence of any evidence tending to overcome the presumption of incapacity to appreciate the wrong she was doing, it cannot be said that she was an accomplice. It follows that the court did not err in omitting to instruct on the subject of corroboration.

2. SAME.

II. While the child was shown to have been defendant's daughter, no proof was introduced that her mother was defendant's wife; nor was this necessary. The word " daughter " plainly is employed in section 4936 of the Code as indicating relationship with-

3. SAME: legitimacy of daughter.

out reference to whether it is legitimate or not.    See 2 Wharton's Crim. Law, 834.

III.    In the eighth instruction the court told the jury that other acts of undue familiarity could be considered as tending to prove that occurring in the river, and, unless

**4. SAME: evidence of other similar acts.** he was found guilty of that, he should be acquitted. Appellant argues this was error, in that such acts could be considered only as tending to show the disposition or inclination of the parties. Conceded, but for what purpose? Plainly enough to prove his guilt of the offense charged.

IV.    The indictment was returned March 13, 1906, and the offense is said to have been committed about August 15, 1903.    The daughter so testified, and that the water

**5. LIMITATIONS: instructions.** in the river was warm, and Bussey fixed the date at a time when his cows were at pasture. And defendant admits he was in bathing.    As the court instructed that he must be convicted, if at all, of committing the act while in bathing, there was no error in omitting to instruct on the statute of limitations.    The circumstances were such as to preclude any finding that the offense might have happened earlier than March 13, 1903.

V..   The daughter testified that the place where they went in bathing was west of where her father lived, and she thought in Butler county.    Bussey said his father's farm

**6. VENUE: evidence.** was about three quarters of a mile north of defendant's, and near the east line of Butler county.    Putting this evidence together, there was enough to sustain a finding that the venue was in that county, *State v. Meyer,* 135 Iowa, 507.

Appellant's contention that such an act may not be perpetrated in the water is not entitled to serious consideration.    The evidence supports the verdict, and the judgment is *affirmed.*