[No. 9942. Department One. March 27, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v.
WILLIAM HORNADAY, *Appellant*.[1]

CRIMINAL LAW—TRIAL—REOPENING CASE. It is within the discretion of the trial court in a criminal case to reopen the case to allow the state to introduce further evidence.

INCEST—ACCOMPLICE—EVIDENCE—SUFFICIENCY. A conviction for incest may be had upon the uncorroborated evidence of an accomplice.

INCEST—ACCOMPLICE. The female is not an accomplice in incest, where she at no time consented to the criminal relations.

[1]Reported in 122 Pac. 322.

INCEST—CONSENT. One may be guilty of incest although the act was accomplished without consent.

ᐟCRIMINAL LAW—APPEAL—REVIEW—OBJECTIONS. Error cannot be predicated upon failure to require the state to elect between the acts charged, where no request for an election was made below.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 14, 1910, upon a trial and conviction of incest. Affirmed.

*J. Matthew Murray* (*Walter M. Harvey*, of counsel), for appellant.

*J. L. McMurray* and *A. O. Burmeister*, for respondent.

CROW, J.—The defendant, William Hornaday, was convicted of the crime of incest, and has appealed.

The evidence, which was sufficient to sustain the verdict, will not be discussed. When the state first rested its case, appellant moved for a directed verdict of acquittal, for the want of proof that the prosecuting witness was his daughter. We find there was evidence of that fact. Before the motion was decided by the trial judge, the prosecuting attorney was granted leave to reopen the case and introduce further evidence of such relationship. Appellant now insists this was reversible error. We cannot sustain this contention. The privilege granted the state was within the sound discretion of the trial judge, and no abuse of discretion has been shown.

Appellant contends that the evidence of the prosecuting witness, if accepted, discloses the fact that she was his accomplice, and that the trial judge erred in failing to instruct the jury that he could not be convicted upon her uncorroborated evidence. The court instructed as follows:

"If you find from the evidence beyond a reasonable doubt that the prosecutrix, Grace Hornaday, was the daughter of the defendant, and if you further find beyond a reasonable doubt that the defendant did have sexual intercourse with her at any time within three years prior to the filing of the information herein, and you further find that her credibility

has not been successfully impeached, and you believe her testimony and disbelieve the defendant, your have a right to return a verdict of guilty against the defendant, even though there is no corroborative evidence as to any specific act of intercourse between them.

"You are further instructed that if you believe from the evidence that the crime charged against the defendant rests alone upon the testimony of the prosecuting witness, Grace Hornaday, then you should scrutinize her testimony with care and caution."

These instructions were as favorable as appellant could ask. In *State v. Aker*, 54 Wash. 342, 103 Pac. 420, an incest case, this court held that corroboration of the prosecuting witness was not necessary. Appellant, however, insists that, according to the statements of the prosecuting witness, she was his accomplice, and that not only should the jury have been cautioned to carefully weigh her evidence, but they should also have been warned against a conviction upon her uncorroborated statement. Her evidence shows that she was not his accomplice, but the unwilling victim of his lust, that she was within his power, and that she at no time consented to criminal relations with him. Mr. Wharton, in his work on Criminal Evidence (9th ed.), at § 440, says:

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime. The cooperation in the crime must be real, not merely apparent. Hence, although a woman who voluntarily is guilty of incest, or who cooperates voluntarily and deliberately with others to produce an abortion on herself, is an accomplice, it is otherwise when she is the victim of force, fraud, or undue influence."

See, also, *Whittaker v. Commonwealth*, 95 Ky. 632, 27 S. W. 83; *State v. Kouhns*, 103 Iowa 720, 73 N. W. 353; *State v. Rennick*, 127 Iowa 294, 103 N. W. 159; *State v. Goodsell*, 138 Iowa 504, 116 N. W. 605; *Schwartz v. State*, 65 Neb. 196, 91 N. W. 190.

In *State v. Rennick, supra*, the court said:

"It is claimed by counsel that the defendant could not

be rightfully convicted upon the uncorroborated testimony of the daughter, and that the jury should have been so instructed. There is no statutory requirement which makes corroboration necessary in such cases. The only direct evidence as to the circumstances of the alleged crime is found in the testimony of the daughter, who testifies unequivocally that the connection was accomplished by force and against her will. There is an entire absence of testimony from which the jury could have found any consent on her part. She was therefore not an accomplice, whose evidence must be corroborated to support a conviction."

That appellant could be guilty of incest, although the act of intercourse was accomplished without the consent of the prosecuting witness, has been held by this court. *State v. Nugent*, 20 Wash. 522, 56 Pac. 25, 72 Am. St. 133.

It is contended that the trial judge erred in failing to require the state to elect the particular act of intercourse upon which it would rely for conviction. This question is not before us. No request for an election was made by appellant, nor was it mentioned during the progress of the trial.

Other contentions based upon the admissibility of evidence are without merit. The appellant has been awarded a fair trial, free from prejudicial error. The judgment is affirmed.

DUNBAR, C. J., CHADWICK, GOSE, and PARKER, JJ., concur.