[Crim. No. 715.   Second Appellate District, Division Two.—July 16, 1920.]

THE PEOPLE, Respondent, v. R. W. KENNEDY, Appellant.

[1] Criminal Law—Rape—Relationship of Defendant to Prosecutrix—Evidence—Reopening of Case—Lack of Prejudice.— In a prosecution for the crime of rape it is not prejudicial error to permit the district attorney, after he has concluded his opening argument to the jury, and after the witnesses have been dismissed, to reopen the case for the purpose of introducing direct evidence that the prosecutrix, a girl of the age of fourteen years, is not the wife of defendant, where the defendant makes no request for a reasonable continuance in order that he might recall any witness to refute such evidence and all the circumstances of the case preclude the existence of the relationship of husband and wife.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Morgan Marmaduke for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and Thomas A. Wood for Respondent.

FINLAYSON, P. J.—Upon an information charging him therewith, defendant was convicted of rape, alleged to have been committed upon a female, a young girl of the age of fourteen years, who was not his wife. From the judgment and an order denying his motion for a new trial defendant appeals.

[1] It is urged that the trial court committed prejudicial error in permitting the district attorney, after he had concluded his opening argument to the jury, to reopen the case for the purpose of introducing direct evidence that the prosecutrix was not the wife of defendant. The reopening of a case for further evidence, even after a motion by defendant to advise the jury to acquit, is within the discretion of the trial court. (*State v. Meister,* 60 Or. 469, [120 Pac. 406]; *State v. Hornaday,* 67 Wash. 660, [122 Pac. 322];

48 Cal. App.—35

*Froman* v. *Commonwealth,* 19 Ky. Law Rep. 948, [42 S. W. 728] ; *State* v. *Murphy,* 9 Nev. 394; 16 C. J. 871–873. See, also, *Cousins* v. *Partridge,* 79 Cal. 228, [21 Pac. 745] ; *People* v. *Benc,* 130 Cal. 165, [62 Pac. 404] ; *People* v. *Lewis,* 124 Cal. 553, [45 L. R. A. 783, 57 Pac. 470] ; *People* v. *McPherson,* 6 Cal. App. 265, [91 Pac. 1098].) The record here discloses no abuse of the trial court's discretion. The witnesses, it is true, had been dismissed, but defendant made no request for a reasonable continuance in order that he might recall any witness to refute the evidence that the prosecutrix was not his wife. Moreover, defendant's own testimony, while a witness in his own behalf, so far precludes any idea that the relation of husband and wife existed between himself and the prosecutrix that we feel satisfied that had the court voluntarily suggested to him that he recall his witnesses, he would have put none of them upon the stand to testify that the prosecutrix was his wife. He testified that he knew nothing whatever of any of the members of the family of the prosecutrix, except that she was the sister of a married woman with whom he admitted having had illicit relations. Asked why, when he went to his room in the hotel where he was living, he left the prosecutrix outside to tramp around the street alone, his reply was: "She did not belong to me." All the circumstances of the case preclude the existence of the relationship of husband and wife. By no possibility could defendant have been prejudiced by the reopening of the case that direct evidence might be given that the girl was not his wife.

There is no merit whatever in the appeal. The judgment and order denying defendant's motion for a new trial are affirmed.

Thomas, J., and Weller, J., concurred.