### COMMONWEALTH *vs.* MOSES GOODHUE

Under the Rev. Sts. *c.* 137, § 11, a defendant, indicted for a rape alleged to have been committed upon his daughter, may be convicted of incest, if the jury find the criminal connexion, but that it was not by force and against the will of the daughter.

It is provided in the Rev. Sts. *c.* 137, § 11, that " whenever any person indicted for a felony shall, on trial, be acquitted by verdict, of part of the offence charged in the indictment, and convicted of the residue thereof, such verdict may be received and recorded by the court, and thereupon the person indicted shall be adjudged guilty of the offence, if any, which shall appear to the court to be substantially charged by the residue of such indictment, and shall be sentenced and punished accordingly." By *c.* 130, § 12, of the same statutes, incest is punishable by imprisonment in the state prison, &c.

The defendant, in this case, was indicted for a rape upon Olive Goodhue, alleged in the indictment, and proved or admitted at the trial, to be his daughter.

THE COURT held, that as the indictment contained all the specifications of a charge of incest, to wit, that the defendant unlawfully had carnal knowledge of the body of his daughter, it was competent for the jury, (under Rev. Sts. *c.* 137, § 11,) if they should find that fact, but should not find that it was done by force and against her will, as further alleged in the indictment, to return a verdict accordingly ; and that the defendant might thereupon be sentenced and punished for incest. The jury were instructed that they could return such a verdict only in case they should not find that the full charge was proved.

The jury returned a verdict that the defendant was guilty of having unlawfully had carnal knowledge of the body of his said daughter, but not by force and against her will ; and he was sentenced to twenty years' imprisonment in the state prison.