[Filed April 6, 1891.]

## STATE OF OREGON *v.* FRANK JARVIS.

EVIDENCE—RAPE—INCEST.—On the trial of a defendant charged with the crime of incest, it is error to admit evidence tending to prove him guilty of rape.

INCEST—RAPE.—Under section 1873, Hill's Code, the crime of rape by forcible ravishment and incest cannot be committed by the same act. Rape is accomplished by the impelling will of one person, and incest by the concurrent assent of two.

INDICTMENT FOR INCEST—PROOF OF RAPE.—Where the evidence discloses that defendant committed the crime of rape, he cannot be convicted under an indictment charging the crime of incest.

INCEST—INDICTMENT, FORM OF.—An indictment under the statute of this state for the crime of incest should allege that the act charged was the joint act of both parties.

Multnomah county: L. B. STEARNS, Judge.

Defendant appeals. Reversed.

The defendant was indicted, tried and convicted of the crime of incest, alleged to have been committed with his

daughter Josephine Ross, on the 15th day of April, 1889, in Multnomah county, Oregon.

*Alfred F. Sears,* for Appellant.

*W. T. Hume,* for Respondent.

BEAN, J.—In *State* v. *Jarvis,* 18 Or. 360, this defendant had been convicted of incest under an indictment charging him with both the crimes of rape and incest, but this court reversed the judgment on the ground that the conviction was had on the uncorroborated testimony of the prosecutrix, who was an accomplice in the commission of the crime. After the case was remanded to the court below, it would seem another indictment was found against the defendant, charging him with the crime of incest alone, upon which he was tried and convicted, from which he appeals. The first assignment of error necessary to notice is in the admission of the testimony of Mrs. Dr. Murray. The testimony of this witness was to the effect that three or four or five years before the trial in the court below, she was consulted professionally by the prosecutrix, whom on an examination she found suffering from some irritation of the vagina caused by some recent violence. This evidence was clearly irrelevant. It did not in any way tend to prove the guilt of this defendant. It is possible the evidence might have been competent had the charge against defendant been rape and not incest. It could only be competent under the theory that the prosecutrix had been forcibly ravished, but when, as in this case, the crime charged is incest, it could in no way tend to prove that defendant was guilty as charged. Rape and incest are two distinct crimes, and what would be competent evidence in the one, would not in the other. What has already been said requires the reversal of this case, but there was another question raised in the argument, which it is proper for us to consider, in view of the probability of another trial in the court below.

In the case of the *State* v. *Jarvis, supra,* in which this appellant was defendant, it was held that "in a trial for the

crime of incest, the party to the crime not on trial is an accomplice, and the other party cannot be convicted on her evidence, unless she be corroborated by such other evidence as tends to connect the defendant with the commission of the crime."

It is admitted, in the case at bar, that the conviction was had upon the uncorroborated testimony of the prosecutrix, but it is sought to avoid the rule announced in the case above cited, by claiming that she was compelled by force and threats to submit to the embraces of defendant, and was not, therefore, a willing participant in the commission of the crime, and not an accomplice. The prosecutrix testified that the incestuous intercourse commenced in 1884, when she was 16 years old, and continued as often as twice a week and sometimes oftener until April, 1889; that at no time did she willingly consent, but was compelled by force to submit; that at one time defendant pointed a pistol at her and said he would kill her if she refused; at another time he threatened her with an ax; and at another, with a board; that she did not complain to any one because defendant said he would shoot her if she told anybody about the matter. It was argued for the appellant that the crime of incest requires the concurring assent of both parties, and that under the facts in this case defendant was guilty of rape, if guilty of any crime, and could not be convicted of the crime of incest. The crime of incest was not indictable at common law, but is so only by statute. (4 Bl. Com. 64; Bishop on Stat. Cr. § 728.) To the statute alone, then, must we look for a definition of the crime and for a solution of the question in this case. By section 1873, Hill's Code, it is provided: "If any persons being within the degrees of consanguinity within which marriages are prohibited by law, shall intermarry with each other, or shall commit adultery or fornication with each other, such persons or either of them, upon conviction thereof, shall be punished," etc. It will be noticed that the language of the statute is "with each other," which necessarily implies a concurrent

act, and the consent of both parties. If one of the parties is compelled by force to submit to the act, there can be no consent of such party, and the act cannot be committed with each other, as declared by the statute. Similar provisions in the statutes of sister states have been construed by the courts, and the overwhelming weight of authority is in favor of the construction above indicated. Thus in *People* v. *Jenness*, 5 Mich. 321, it is said by CHRISTIANCY, J.: "This offense (incest) can only be committed by the concurrent act of two persons of opposite sexes; and the assent or concurrence of the one is as essential to the commission of the offense as that of the other; and as a general rule both must be guilty or neither." In *Delany* v. *People*, 10 Mich. 241, the information was based on a statute, the language of which was as follows: "If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together, every such person shall be punished," etc.; held that the offense was joint and both parties must be guilty or neither. In *DeGroat* v. *People*, 39 Mich. 124, under a statute the language of which is the same as ours, it was held that conviction could not be had unless the act was by concurrent assent of both parties.

COOLEY, J., speaking for the court, said: "Fornication, when the element of near relationship makes it incest, may be an offense equally detestable and heinous, but it still lacks the distinguishing characteristic of rape. The one is accomplished by the impelling will of one person, and the other by the concurrent assent of two." In *Baumer* v. *State*, 49 Ind. 544, 19 Am. Rep. 691, the statute provided "if any step-mother and her step-son shall have sexual intercourse together," etc., and it was held that the act must be joint, and one of the parties cannot be guilty unless the other is also, and the acquittal of one is a bar to the trial of the other. So in *State* v. *Thomas*, 53 Iowa, 214, under a statute which provided that "if any persons within the prohibited degrees * * * carnally know each other, they shall be deemed guilty of incest," it was held that the crimes of rape and incest

cannot be committed by the same act; the consent of both parties to the connection being necessary to constitute the crime of incest under the statute. In *Yeoman* v. *State*, 21 Neb. 171, the statute provided that "persons within certain degrees, who shall commit adultery or fornication with each other, shall be punished," etc., it was held that one of the parties might be indicted alone, but the court said: "It is true that both must be guilty, that the intermarriage, cohabitation, adultery or fornication must be by a union of minds as well as of actions." In *State* v. *Ellis*, 74 Mo. 385, 41 Am. Rep. 321, it was held that where the evidence proves the crime of rape, the party cannot be convicted of the crime of incest. So in *People* v. *Harridan*, 1 Park. Cr. R. 344, it was held under a statute similar to ours, that when the illicit connection is accomplished by force, the defendant cannot be convicted of incest, but only of rape. In *Noble* v. *State*, 22 Ohio St. 545, by way of argument, it is said: "The crime of incest is committed by two willing parties." A doctrine contrary to that laid down in the authorities before referred to, has been held in *Mercer* v. *The State*, 17 Tex. App. 452, and *People* v. *Barnes* (Idaho), 9 Pac. Rep. 532. The Texas case is based upon former decisions of the same court and one Michigan *nisi prius* case, which has been repudiated by the court of last resort of that state, as we have already seen. The Idaho case is not in point in the case before us. The statement of the law as given in Vol. 10, Am. & Eng. Ency. of Law, 341, is not believed to be supported by the weight of authority. The only cases cited as authority for the statement are the Texas and Michigan *nisi prius* cases, above referred to, and *Norton* v. *State*, 106 Ind. 163, which was under a statute wholly different from ours, while none of the adjudged cases announcing a contrary doctrine is cited except *People* v. *Harridan, supra.* We think the decided weight of authority is, that under a statute like ours, the crimes of rape, by forcible ravishment, and incest cannot be committed by the same act, but that of incest requires the concurring assent of both parties. We do not desire to be understood as holding

it necessary that both parties must be guilty of the crime of incest before the guilty one can be punished. That question is not before us, and it will be time enough to decide it when presented. Possibly if the assent of one party was induced by fraud or deception, the party perpetrating the fraud might be guilty of incest, while the innocent party would not, or one party might be ignorant of the relationship, while the other had full knowledge of it, and so other circumstances might arise under which one party would be guilty and the other innocent. In the case before us, the defendant accomplished his purpose, either by the consent of the prosecutrix or by force. If by her assent, she was an accomplice, and a conviction could not be had on her uncorroborated testimony (*State* v. *Jarvis, supra*): and if by force, the crime was not incest, and the conviction cannot stand.

Counsel for appellant contended on the hearing that the indictment is insufficient in not alleging that the illicit intercourse was by the concurring assent of both parties. This question seems to have been raised in this court for the first time and perhaps the indictment is sufficient after judgment, but the logical conclusion from the authorities heretofore cited with approval is that the indictment in cases of this kind should allege the act as joint since it is only by the concurring assent of both parties that the crime can be committed.

The judgment of the court below is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.