[No. 21005.   Department One.—August 23, 1893.]

THE PEOPLE, APPELLANT, v. JOHN GLEASON, RE-
SPONDENT.

CRIMINAL LAW — ATTEMPT TO COMMIT INCEST — OVERT ACTS — RESISTANCE. — The
intent of a father to commit incest with his daughter, and his concurrent overt
acts in the use of means adapted to the immediate perpetration and consum-
mation thereof, by an attempt to have carnal connection with her, lacking only
penetration to consummate the act, are sufficient to constitute a criminal attempt
to commit the crime of incest, and the failure of such means to effect the pur-
pose intended will not exculpate him; nor will the fact that such attempt was
without the consent and against the active resistance of the daughter preclude
of the crime of attempting to commit incest.

APPEAL from an order of the Superior Court of the City
and County of San Francisco granting a new trial.

The facts are stated in the opinion.

*Attorney-General W. H. H. Hart,* for Appellant.

*Carroll Cook,* for Respondent.

VANCLIEF, C.—The defendant was accused and found guilty
of the crime of "an attempt to commit incest" with his daughter,
aged fourteen years and seven months.   On motion of defend-
ant, the court below granted him a new trial, and this appeal is
by the people from an order granting a new trial.

The evidence, without any conflict, shows that the defendant,
both by solicitation and overt acts, attempted to have carnal
connection with his daughter; that the attempt proceeded to the
extent of contact of sexual organs, lacking only penetration, to
consummate the act; and that it was without her consent and
against her will and active resistance.

It appears that the new trial was granted on the ground that
the crime charged could not have been committed without the
consent of the daughter; and the record shows no other ground
upon which the order can be sustained.

Conceding that the consent of both parties to the carnal inter-
course is necessary to constitute the crime of incest, it does not
follow, as contended by counsel for respondent, that a man may
not be guilty of the crime of attempting to commit incest, with-
out the consent of the woman with whom he attempts to com-
mit the latter crime.   His intent to commit the crime of incest

and his concurrent overt acts in the use of means adapted to the immediate perpetration and consummation thereof, are sufficient to constitute a criminal attempt to commit the crime of incest; and the failure of such means to effect the purpose intended will not exculpate him.

There may be found some conflict of the authorities as to whether mere solicitation to commit incest, adultery, or sodomy is an adequate overt act in the composition of a criminal attempt to commit either of those crimes; but that such overt acts as were proved in this case are sufficient there seems to have been no question. This conclusion, I think, is warranted by the text, and the authorities cited in chapter 51 of Bishop on Criminal Law, 8th ed., sections 723–772, especially sections 767 and 768.

I think the order should be reversed, and the cause remanded with directions to the court below to proceed to judgment on the verdict of the jury.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed, and the cause remanded with directions to the court below to proceed to judgment on the verdict of the jury.

HARRISON, J., GAROUTTE, J., McFARLAND, J.