### Conrad Straub v. State of Ohio.

1. Proof of Rape Under Sec. 6816 Rev. Stat. no Bar to Conviction for Incest Under Sec. 7019 Rev. Stat.

A person indicted under Sec. 7019 Rev. Stat. for incest against his daughter, cannot escape conviction by showing that in committing the offense he also committed the crime of rape (Sec.   6816 Rev. Stat.), in that the daughter was under the age of consent, or was overcome by force and violence.

2. Testimony of Witness That Her Father Had "Sexual Intercourse" With Her is not a Mere Conclusion.

Testimony of a witness on her examination in chief, in a criminal prosecution against her father for incest, that the latter had "sexual intercourse" with her, is not incompetent as a mere conclusion, but is simply permitting witness to testify to an act by giving it the ordinary name, and its admission in evidence is not prejudicial; especially when witness was, on cross-examination, required to relate in full all the facts and circumstances of the transaction.

3. Asking Jury What Prospect Was of an Agreement, in Defendant's Absence, not an Irregularity, When.

The trial court is not guilty of an irregularity, such as will warrant a reversal of a judgment of conviction in a felony prosecution, by instructing the deputy sheriff, in the absence of the defendant, to ask the jury while in the jury room, and after it had retired to deliberate upon the verdict, once at supper time, and again about 11 o'clock the same night, what the prospect was of an agreement—it not appearing that the jury was urged to agree.

4. Statement of Counsel in Argument to Jury of His Belief That Defendant Had Committed Similar Crimes not Improper, When.

Where the fair conclusion of the evidence admitted at the trial of defendant for incest, including that of physicians who examined the female, is that the latter had had sexual intercourse with some one on other occasions, a statement by the prosecuting attorney, in his argument to the jury, that "I believe the defendant is guilty of having sexual intercourse with his daughter on Feb. 2, 1901 (the date alleged in the indictment), and I am warranted from the evidence in saying that I believe he had intercourse with her on many other different occasions," is not of such character as would constitute misconduct on his part.

5. Girl Under Influence of Father not Accomplice in Crime, When.

A girl fourteen years of age, with little conception of the enormity of the offense, who is overcome by her father who is occupying the same bed, and submits to incestuous intercourse upon his suggestion, and under his influence, is not such an accomplice in crime as will render her testimony incredible or unworthy of belief unless corroborated by other witnesses.

6. Jury May Convict Upon Uncorroborated Testimony of Accomplice.

There is no rule of law in Ohio preventing a jury from convicting in a felony prosecution upon the uncorroborated testimony of an accomplice

Error to Wood common pleas court.

Straub v. State.

**D. R. Jones** and **Baldwin & Harrington,** for plaintiff in error:

Proof of rape will not sustain a conviction for incest under Lan. R. L. 10731 (R. S. 7019). Laning R. L. 10414 and 10415 (R. S. 6816 and 6817); *State* v. *Jarvis,* 20 Ore. 437 [26 Pac. Rep. 302; 23 Am. St. Rep. 141]; *Smith* v. *State,* 12 Ohio St. 466 [80 Am. Dec. 355]; *Noland* v. *State,* 19 Ohio 131; *Allen* v. *State,* 10 Ohio St. 287; *Burt* v. *State,* 23 Ohio St. 394; *State* v. *Thomas,* 53 Iowa 214 [4 N. W. Rep. 908]; *State* v. *Ellis,* 74 Mo. 385 [41 Am. Rep. 321]; *Commonwealth* v. *Bakeman,* 131 Mass. 577 [41 Am. Rep. 248]; *State* v. *Johnson,* 58 Ohio St. 417 [51 N. E. Rep. 40]; *Barber* v. *State,* 39 Ohio St. 660; *VanValkenburg* v. *State;* 11 Ohio 404; *Champer* v. *State,* 14 Ohio St. 437.

Misconduct of prosecuting attorney in arguing case to jury. *Snurr* v. *State,* 2 Circ. Dec. 614 (4 R. 393); *Warder* v. *Jacobs,* 58 Ohio St. 77 [50 N. E. Rep. 97]; *Bennett* v. *State,* 4 Circ. Dec. 129 (10 R. 84); *Gawn* v. *State,* 7 Circ. Dec. 19 (13 R. 116); *Jones* v. *State,* 20 Ohio 34.

It was the right of accused to be present at every stage of the case. *Rose* v. *State,* 20 Ohio 31; *Kirk* v. *State,* 14 Ohio 511; *Jones* v. *State,* 26 Ohio St. 208; *Cantwell* v. *State,* 18 Ohio St. 477; *Williams* v. *State,* 12 Ohio St. 622; *Devere* v. *State,* 3 Circ. Dec. 249 (5 R. 509).

Weight of the evidence. *Fuller* v. *State,* 12 Ohio St. 433; *Pratt* v. *State,* 19 Ohio St. 277; *Miller* v. *Stokely,* 5 Ohio St. 194.

**E. G. McClelland,** prosecuting attorney, for defendant in error.

**HULL, J.**

The plaintiff in error, defendant below, was indicted for the crime of incest with his daughter, Lena Straub, was convicted, and the court overruling the motion for a new trial, entered judgment upon the verdict, sentencing the plaintiff in error to the penitentiary for the period of five years, and it is to reverse that judgment that this proceeding in error was brought. There are several grounds of error alleged: It is claimed that the defendant below could not properly be convicted of incest for the reason that the evidence showed that his daughter was under the age of sixteen years at the time of the alleged sexual intercourse, and that therefore, the crime that he was guilty of, if any, was rape and not incest.

It is contended that the court erred in the admission of testimony, and that it was guilty of certain irregularities. Further that the argument of the prosecuting attorney was improper, that a new trial should have been awarded on the ground of such misconduct of the prosecutor. It is claimed also that the verdict was against the weight of the evi-

dence and not sustained by sufficient evidence. The case was fully argued by counsel, both for the state and for the defendant. The plaintiff was indicted under Sec. 7019 Rev. Stat., which relates to the crime of incest and is as follows:

"Persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, who commit adultery or fornication together, shall be imprisoned in the penitentiary not more than ten years nor less than one year."

The undisputed evidence in the case shows that at the time of the commission of the alleged offense, to wit, February 2, 1901, the daughter was not more than fourteen years of age. She testified that she was only fourteen at the time of the trial, and it is claimed that under Sec. 6816 Rev. Stat., the offense of the plaintiff in error if anything, was rape, and that he should have been indicted and tried for that, and not for incest, of which it is said he should have been acquitted. Section 6816 Rev. Stat. is as follows:

"Whoever has carnal knowledge of a female person, forcibly and against her will, or, being eighteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape."

It is contended by counsel for plaintiff in error that it was the duty of the court, under the testimony to direct a verdict of acquittal. The crime of incest can only be committed, it is argued, where both parties are of the age of consent and agree to the sexual intercourse; and that there must be the consent of both to constitute the crime. The statute defines incest to be where persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, commit adultery or fornication together; and authorities are cited to the effect that the crimes of adultery and fornication are committed where both the man and the woman are willing parties to the offense, and that Sec. 6816 Rev. Stat. which I have read make the offense which the evidence discloses here, the crime of rape. It is argued, that the female being incapable of giving consent by virtue of the statute, and the offense itself being denominated rape in the statute, it cannot be fornication, and that therefore the offense cannot be incest, and can be nothing but the crime of rape, which, it is argued, is a separate and distinct offense from that of incest. The authorities on this question appear to be to some extent divided; they are somewhat in conflict, there is no question about that. A summary of them is found in 16 Am. & Eng. Enc. Law (2 ed.) 135, where the authorities on both sides of the question are collected.

Straub v. State.

*State* v. *Jarvis,* 23 Am. St. Rep. 141 [20 Ore. 437; 26 Pac. Rep. 302], sustains the contention of the plaintiff in error. I read this from the syllabus in the case:

"On the trial of a charge of incest, evidence as to violence used in the commission of the crime charged is inadmissible. * * *

"Rape and incest are two distinct crimes, and while evidence of the violence used in the commission of the former is admissible, such evidence is not admissible under an indictment charging the latter crime alone.

"Rape by forcible ravishment, and incest, cannot be committed by the same act, as incest is accomplished by the concurring assent of two persons, while rape is committed through the impelling will of one.

"Evidence showing the commission of rape will not sustain a conviction under an indictment charging incest alone.

"One charged with incest cannot be convicted on the uncorroborated evidence of the prosecutrix alone.

"Indictment charging incest must allege that the act charged was the joint act of both parties."

This was a case where actual force was used in the commission of the offense.

The same doctrine is held in California, Michigan and some other states. There are however cases on the other side of the question, and there has been no decision by our Supreme Court upon the question whether a man indicted for incest may be found guilty of that crime, although the evidence shows he is guilty under the statute, of rape.

In other states, however, this question has been answered in the affirmative. In *State* v. *Hurd,* 70 N. W. Rep. 613 [101 Iowa 391].

The court say in the syllabus:

"(6) On a trial for incest it was not error to admit evidence of an act which constituted rape, since that crime includes incest."

And on page 617 of the opinion the court say:

"It appears from the testimony of a son of the defendant, younger than Dora, as well as by her testimony, that the three were in Sioux City in the fall of 1893, and that the three occupied one bed, by compulsion from the defendant as to Dora, for a part of the night, and that defendant, while the three were in bed together, had intercourse with Dora. It is said that, if this evidence proves anything, it proves rape, and that evidence of such a crime could not be used to render probable the act charged, as might evidence of an offense like the one charged. But we hold that, even if it were rape, if the relationship existed essential

Wood County.

to the crime of incest, it would be incest, that is, incest would be included in the crime of rape; so that in no event was the rule violated.''

Another case *Porath* v. *State*, 63 N. W. Rep. 1061 [90 Wis. 527], is to the same effect. This is found in the syllabus:

''(6)   A father who has sexual intercourse with his daughter is guilty of incest, independent of the question of force.''

The court say on page 1064 of the opinion:

''The fact that the defendant used a certain amount of force to overcome the resistance actually made will not enable him to escape the punishment for incest, the parties being within the prescribed degree of consanguinity, although the force used was not sufficient to constitute rape. It does not necessarily follow in all such cases that the female is to be regarded as an accomplice, and particularly in a case·like the present, in view of the relation between the parties, and the coercive authority of her father over her.   *Raiford* v. *State*, 68 Ga. 672; *Norton* v. *State*, 106 Ind. 163 [6 N. E. Rep. 126].   If, in the commission of the incestuous act, the female was the victim of force, fraud, or undue influence, so that she did not act voluntarily, and join in the commission of the act with the same intent that the accused did, then she ought not to be regarded as an accomplice.   In all cases, where it is to be proved inferentially, the question of accompliceship is one of fact for the jury.''

In *State* v. *Chambers*, 43 Am. St. Rep. 349 [87 Iowa 1; 53 N. W Rep. 1090], the court say in the syllabus:

''One accused of incest cannot escape conviction on the ground that the female upon whom the crime was committed did not consent thereto, or was of such an age that she was not at the time capable of giving her consent.   That the act so committed also constitutes the crime of rape does not prevent it from constituting the crime of incest.''

In *Smith* v. *State*, 54 Am. St. Rep. 140 [108 Ala. 1; 19 So. Rep. 306], the syllabus reads:

''The consent of both parties is not essential to the crime of incest, and the defendant may be convicted of that crime, though in committing it, he employed the force essential to the crime of rape.''

The court say in the opinion:

''This is an open question in Alabama.   There is nothing in our statute defining the offense to prevent us from taking ground with what is said in the text quoted to be the weight of authority; but, to the contrary, every element of the crime as denounced in our law may well exist as against one party to the sexual act though the other did not consent thereto, and though the act was only accomplished by the man by such

Straub v. State.

force or coercion brought to bear on the woman as would render the man guilty also of rape.''

. In *People* v. *Rouse,* 43 Mass. (2 Metc.) 193, the syllabus is as follows:

"Under the Rev. Stat. c. 137, p. 11, a defendant indicted for a rape alleged to have been committed upon his daughter, may be convicted of incest, if the jury find the criminal connection, but that it was not by force and against the will of the daughter.''

If the accused is willing and consents to the sexual intercourse, he cannot escape by showing that the woman was overcome by force or was not of the age of consent, for so far as he is concerned, it is incest as well as rape. In the case at bar the testimony shows that the girl was of the age of fourteen years; that she did in fact consent; that no force was used upon the part of the defendant to accomplish his purpose.

The offense of having sexual intercourse with a female under sixteen years of age with her consent, the statute says is rape, but that language is rather to be considered to mean that the legislature has enacted that one who has intercourse with a female under sixteen years of age, with her consent, shall be punished as for rape, or shall be deemed guilty of rape. That is the way the statute formerly read; it now reads that such person is guilty of rape, and he is punished accordingly. But the fact still remains that the other party is willing; she does in fact give her consent; she is not overcome by force.

The legislature fixed the age at sixteen years. It might have fixed it at eighteen or twenty years.

The weight of authority and the better reasoned cases sustain the contention of the state.

It would seem a strange rule of law, that a man indicted for incest might escape conviction and secure an acquittal, by satisfying the jury that he overcame the woman by force and violence. That seems to be the view of the supreme court of Oregon. We hold in favor of the state and against the plaintiff in error upon this proposition.

It is urged that the court erred in permitting the girl, Lena Straub, to testify on examination in chief by the prosecuting attorney that her father had *sexual intercourse* with her, and it is contended that this was permitting her to state a mere conclusion without stating any of the facts. We are of the opinion that it is permissible and proper to admit such a question and answer. It is a conclusion to be sure, as are many other things are that witnesses testify to, but it is simply permitting a witness to testify to an act by giving it the ordinary name. She is open to cross-examination, however, and in this case she was required on cross-examination to relate in full, in detail, all of the facts and circumstances of the

## Wood County.

transaction, so that if there were any doubt about the propriety of allowing such a question and answer, we would not hold that the defendant had been prejudiced by it in any respect, in view of her very full recital of the facts upon cross-examination.

It is said that the court was guilty of irregularity after the jury had retired. According to affidavits filed, after the jury had been out about an hour, they going out late in the afternoon, supper time having arrived, the court instructed the deputy sheriff to ask the jury what was the prospect of their agreeing, and the deputy did so, and reported that there was no prospect of an immediate agreement, and the jury were thereupon given their supper. And again about fifteen minutes to eleven that night, the jury not having agreed and the court presumably desiring to know whether they were likely to agree that night, directed the deputy sheriff to ask a similar question, which he did, and in about half an hour after that time the jury did agree.

These questions were asked in the absence of the defendant, and this, it is urged, was improper. There is a statute permitting an inquiry to be made of the jury, through the sheriff, as to whether they have agreed. The question put to them was a little different, but not very different from the one laid down by the statute. It being about supper time, and it being proper to furnish the jury with their supper if they had not agreed, or were not likely to do so soon, it seems to us it was not improper for the court to direct the deputy sheriff to inquire of the jury what the prospect of their agreeing was. They were not urged to agree, or anything of the kind, and the same may be said of the question that was asked later at night. It is of course the rule, that the defendant has the right to be present at every stage in the trial of the case, and there has been cited in argument the case of *Bennett* v. *State*, 4 Circ. Dec. 129 (10 R. 84), where the judgment was reversed, but in that case the jury were brought out into the court room in the absence of the defendant and asked certain things, and statements made to them that are not in this case, which it was held by the circuit court should not have been done, and the judgment was reversed.

We do not think this case is like *Bennett* v. *State, supra*. In this case the jury were not brought out of their room; this question was put to them in their room by the deputy by order of the court, and in our judgment there was no irregularity on the part of the court in that act.

It is argued that the prosecuting attorney was guilty of misconduct in his argument to the jury, which was prejudicial to the defendant. According to the affidavits the prosecuting attorney said to the jury, "I

Straub v. State.

believe the defendant is guilty of having sexual intercourse with his daughter on February 2, 1901 and I am warranted from the evidence in saying that I believe he had intercourse with her on many other different occasions."

The prosecuting attorney was arguing the case to the jury from his point of view and stating to them what he claimed from the evidence, and he said to them—that he believed the defendant was guilty of having sexual intercourse with his daughter on February 2, that is, the date alleged in the indictment. And he said further that he believed he had had intercourse with her on other different occasions. Of course the defendant was only on trial for this one offense, but her conduct, and his conduct, as shown by the evidence at the time of the alleged commission of the offense in question, was before the jury; the fact that she made no resistance at that time, and that he accomplished his purpose, according to the testimony without causing her any great pain, as she testified was all before the jury.

The testimony of the physician who examined her was before the jury; and the fair conclusion from the testimony would be that she had had sexual intercourse with some one on other occasions, and the prosecuting attorney arguing from this evidence to the jury, made this statement. The evidence that was offered by the state that she had had intercourse with her father on other occasions was excluded. We are not entirely clear but that this would have been admissible; not for the purpose of convicting him for an offense committed at any other time, but as shedding light on the transaction in question, and upon the question of whether the girl was telling the truth or not in her narration of the transaction; but all that was excluded, and we need not and do not pass upon that question. But in view of the testimony that was admitted, we do not think that this remark of the prosecuting attorney was of such a character as would constitute in any respect misconduct on his part.

It is claimed further, and urged with earnestness that the evidence is not sufficient to sustain the verdict, that it was against the weight of the evidence, and we have examined the record with a great deal of care. It is urged that there is no corroboration; at least, not sufficient corroboration of the testimony of the girl to warrant a conviction. I do not intend to go over the testimony of the case at any great length; the girl testified as to her age, that she was about fourteen years old, that she had lived in a church institution in Cincinnati for some years; that she had come home about a year before February 2, 1901, when this offense is alleged to have been committed. According to the testimony

Wood County.

of the girl and the other children in the family, and the defendant, they lived in a house at Mermill in this county in very close quarters; they had for a time only one bed with a lounge, and part of the time, two beds in it; the father and the girl occupied one bed, sometimes alone, and sometimes with a smaller brother, and sometimes other children were in that bed. The record shows clearly that they did occupy the same bed at times; indeed the defendant does not deny this.

The girl testifies to the transaction on the night in question, stating all the details fully upon cross-examination. She was examined by a physician soon after this alleged occurrence, who testified that in his judgment she had had sexual intercourse with some man. There was evidence offered tending to impeach the character of the girl for truth and veracity; and testimony was offered by the state to sustain her character for truth and veracity. The defense offered testimony to sustain the character of the defendant for chastity, and the state in rebuttal called some witnesses attacking his character for chastity, and among others an older daughter, sister of the girl in question, some years older, who testified very positively that her father's character for chastity and his conduct with women, were bad; that he had made improper suggestions to her. She testified that her father told her, her mother being dead and having been dead for some years, that it was proper for the daughter to take the place of her mother, and narrated what occurred, and there was other testimony of a changing character. It is difficult under these circumstances to conceive of this girl manufacturing this charge against her father. We are unable to find any motive to impel her to come to the public authorities and charge her father with the commission of this grave offense.

It is not the rule in Ohio that a jury cannot convict upon the uncorroborated testimony of an accomplice. But does that rule which impeaches the testimony of an accomplice apply with all its force to the case at bar? Was she an accomplice in the true sense of the word? An accomplice is one who freely and voluntarily engages with another in the commission of a crime, and when such person goes upon the witness stand and testifies against his partner in crime, he does so often with the purpose and intent of saving himself, and his testimony is discredited; but where a girl of fourteen years, with little conception of the enormity of the offense, is overcome by her father with whom she is occupying the same bed, and submits to incestuous intercourse upon his suggestion, and under his influence, she is not such an accomplice as necessarily renders her testimony on that account incredible or unworthy of belief, unless corroborated by other witnesses.

Straub v. State.

There should be in all such cases, corroboration, if possible, but, as suggested by some of the cases, a girl under those circumstances, joining with her father in the commission of the offense is not to be considered in the light of an ordinary accomplice; but the Supreme Court has said that even in an ordinary case, corroboration is not required absolutely; the court say in the case of *Allen* v. *State,* 10 Ohio St. 287, 288:

"While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice."

The court stated to the jury that the most of the evidence against the defendant, was that of the girl, the so-called accomplice, and after proper caution and instructions they found the defendant guilty.

We have examined this record with a great deal of care, and considered it fully, appreciating the grave consequences of this judgment to the plaintiff in error, and we are unable to find that the jury were not warranted in finding the defendant guilty of this crime. We are of the opinion that he is guilty. The judgment will be affirmed.

**Parker** and **Haynes, JJ.,** concur.