## THE CRIME OF INCEST INCLUDED IN RAPE.

[Circuit Court of Wood County.]

CONRAD STRAUB v. THE STATE OF OHIO.

Decided, September, 1904.

*Criminal Law—Incest—Rape—Evidence—Expression of Belief by Pros-
ecutor—Communications by Deputy Sheriff to Jury after their
Retirement—Corroboration of Testimony of an Accomplice—Vic-
tim of Incest not an Ordinary Accomplice.*

1. A person indicted under Section 7019, Revised Statutes, for incest
   against his daughter, can not escape conviction by showing that
   in committing the offense he also committed the crime of rape,
   in that the daughter was under the age of consent, or was over-
   come by force and violence.

2. Testimony of a witness on her examination in chief, in a criminal
   prosecution against her father for incest, that the latter had "sex-
   ual intercourse" with her, is not incompetent as a mere conclu-
   sion, but is simply permitting witness to testify to an act by
   giving it the ordinary name; and its admission in evidence is not
   prejudicial, especially when witness was, on cross-examination,
   required to relate in full all the facts and circumstances of the
   transaction.

3. The trial court is not guilty of an irregularity, such as will war-
   rant a reversal of a judgment of conviction in a felony prosecu-
   tion, by instructing the deputy sheriff, in the absence of the de-
   fendant, to ask the jury while in the jury room, and after it had
   retired to deliberate upon the verdict, once at supper time, and
   again about 11 o'clock the same night, what the prospect was of
   an agreement—it not appearing that the jury was urged to agree.

4. Where the fair conclusion of the evidence admitted at the trial of
   defendant for incest, including that of physicians who examined
   the female, is that the latter had had sexual intercourse with
   some one on other occasions, a statement by the prosecuting at-
   torney, in his argument to the jury, that "I believe the defendant
   is guilty of having sexual intercourse with his daughter on
   February 2, 1901 (the date alleged in the indictment), and I am
   warranted from the evidence in saying that I believe he had
   intercourse with her on many other different occasions," is not
   of such character as would constitute misconduct on his part.

5. A girl fourteen years of age, with little conception of the enormity
   of the offense, who is overcome by her father who is occupying

the same bed, and submits to incestuous intercourse upon his suggestion, and under his influence, is not such an accomplice in crime as will render her testimony incredible or unworthy of belief unless corroborated by other witnesses.

6. There is no rule of law in Ohio preventing a jury from convicting in a felony prosecution upon the uncorroborated testimony of an accomplice.

HULL, J. (orally); HAYNES, J., and PARKER, J., concur.

This action comes into this court upon a petition in error to reverse the judgment of the court of common pleas.

The plaintiff in error, defendant below, was indicted for the crime of incest with his daughter, Lena Straub, was convicted, and the court overruling a motion for a new trial, entered judgment upon the verdict, sentencing the plaintiff in error to the penitentiary for the period of five years; and it is to reverse that judgment that this proceeding in error was brought here.

There are several grounds of error alleged: It is claimed that the defendant below could not properly be convicted of incest for the reason that the evidence showed that his daughter was under the age of sixteen years at the time of the alleged sexual intercourse, and that, therefore, the crime that he was guilty of, if any, was rape and not incest. It is contended that the court erred in the admission of testimony, and that it was guilty of certain irregularities. Further, that the argument of the prosecuting attorney was improper; that a new trial should have been awarded on the ground of such misconduct of the prosecutor. It is claimed also that the verdict was against the weight of the evidence and not sustained by sufficient evidence. The case was fully argued by counsel, both for the state and for the defendant.

The plaintiff was indicted under Section 7019 of the Revised Statutes, which relates to the crime of incest and is as follows:

"Persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, who commit adultery or fornication together, shall be imprisoned in the penitentiary not more than ten years, nor less than one year."

The undisputed evidence in the case shows that at the time of the commission of the alleged offense, to-wit, the second of Feb-

ruary, 1901, the daughter was not more than fourteen years of age. She testified that she was only fourteen at the time of the trial, and it is claimed that under Section 6816 of the Revised Statutes, the offense of the plaintiff in error if anything, was rape, and that he should have been indicted and tried for that, and not for incest, of which it is said he should have been acquitted. Section 6816 is as follows:

"Whoever has carnal knowledge of a female person forcibly and against her will, or, being eighteen years of age, carnally knows and abuses a female person under sixteen years of age, with her consent, is guilty of rape."

It is contended by counsel for plaintiff in error that it was the duty of the court, under this testimony, to direct a verdict of acquittal. The crime of incest can only be committed, it is argued, where both parties are of the age of consent and agree to the sexual intercourse; that there must be the consent of both to constitute the crime. The statute defines incest to be where persons nearer of kin by consanguinity or affinity than cousins, having knowledge of their relationship, commit adultery or fornication together; and authorities are cited to the effect that the crimes of adultery and fornication are committed where both the man and the woman are willing parties to the offense; and Section 6816, Revised Statutes, which I have read, makes the offense which the evidence discloses here, the crime of rape. It is argued that the female, being incapable of giving consent by virtue of the statute, and the offense itself being denominated rape in the statute, it can not be fornication, and that, therefore, the offense can not be incest, and can be nothing but the crime of rape, which, it is argued, is a separate and distinct offense from that of incest.

The authorities on this question appear to be to some extent divided; they are somewhat in conflict, there is no question about that. A summary of them is found in Vol. 16 of the Encyclopedia of Law, at page 135, where the authorities on both sides of the question are to some extent collected. A case in the 23 Am. St. Reports, 141 (found in the 20th Oregon, 437), sustains the contention of the plaintiff in error. I read this from the syllabus in the case:

"On the trial of a charge of incest, evidence as to violence used in the commission of the crime charged is inadmissible.

"Rape and incest are two distinct crimes, and while evidence of the violence used in the commission of the former is admissible, such evidence is not admissible under an indictment charging the latter crime alone.

"Rape by forcible ravishment and incest can not be committed by the same act, as incest is accomplished by the concurring assent of two persons, while rape is committed through the impelling will of one.

"Evidence showing the commission of rape will not sustain a conviction under an indictment charging incest alone.

"One charged with incest can not be convicted on the uncorroborated evidence of the prosecutrix alone.

"Indictment charging incest must allege that the act charged was the joint act of both parties." .

This was a case where actual force was used in the commission of the offense. The same doctrine is held in California, Michigan and some other states. There are, however, cases on the other side of the question, and there has been no decision by our Supreme Court upon this question whether a man indicted for incest may be found guilty of that crime, although the evidence shows he is guilty, under the statute, of rape.

In other states, however, this question has been answered in the affirmative. In 70 N. W. Rep., 613, an Iowa case, decided April 7, 1897, the court say in the syllabus:

"On a trial for incest, it was not error to admit evidence of an act which constituted rape, since that crime includes incest."

And on page 617 of the opinion the court say:

"It appears from the testimony of a son of the defendant, younger than Dora, as well as by her testimony, that the three were in Sioux City in the fall of 1893, and that the three occupied one bed, by compulsion from the defendant as to Dora for a part of the night, and that defendant, while the three were in bed together, had intercourse with Dora. It is said that if this evidence proves anything, it proves rape, and that evidence of such a crime could not be used to render probable the act charged, as might evidence of an offense like the one charged. But we hold that, even though it were rape, if the relationship

existed essential to the crime of incest, it would be incest—that is, incest would be included in the crime of rape; so that in no event was the rule violated.''

*Porath* v. *The State,* 63 N. W. Rep., 1061, is to the same effect. It is a Wisconsin case, decided June 20, 1895, and this is found in the syllabus:

''A father who has sexual intercourse with his daughter is guilty of incest, independent of the question of force.''

The court say on page 1046:

''The fact that the defendant used a certain amount of force to overcome the resistance actually made will not enable him to escape the punishment for incest, the parties being within the precribed degree of consanguinity, although the force used was not sufficient to constitute rape. It does not necessarily follow in all such cases that the female is to be regarded as an accomplice, and particularly in a case like the present, in view of the relation between the parties, and the coercive authority of her father over her. *Raiford* v. *State,* 68 Ga., 672; *Norton* v. *State,* 106 Ind., 163 (6 N. E., 126). If, in the commission of the incestuous act, the female was the victim of force, fraud, or undue influence, so that she did not act voluntarily, and join in the commission of the act with the same intent that the accused did, then she ought not to be regarded as an accomplice. In all such cases where is to be proved inferentially the question of accompliceship, is one of fact for the jury.''

In *State* v. *Chambers,* 43 Am. St. Rept., 349, the court say in the syllabus:

''One accused of incest can not escape conviction on the ground that the female upon whom the crime was committed did not consent thereto, or was of such an age that she was at the time capable of giving her consent. That the act so committed also constitutes the crime of rape does not prevent it from constituting the crime of incest.''

In *Smith* v. *State,* 54 Am. St. Rept., 140 (108 Alabama, 1), the syllabus reads:

''The consent of both parties is not essential to the crime of incest, and the defendant may be convicted of that crime, though

in committing it he employed the force essential to the crime of rape."

The court say in the opinion:

"This is an open question in Alabama. There is nothing in our statute defining the offense to prevent us from taking ground with what is said in the text quoted to be the weight of authority; but, to the contrary, every element of the crime as denounced in our law may well exist as against one party to the sexual act, though the other did not consent thereto, and though the act was only accomplished by the man by such force or coercion brought to bear on the woman a would render the man guilty also of rape."

In *People* v. *Rouse*, 43 Mass., 193, the syllabus is as follows:

"Under the Rev. Stats., c. 137, 11, a defendant indicted for a rape alleged to have been committed upon his daughter, may be convicted of incest, if the jury find the criminal connection, but that it was not by force and against the will of the daughter."

If the defendant was willing and consented to the sexual intercourse, he can not escape by showing that the woman was overcome by force and was not of the age of consent, for so far as he is concerned, it is incest as well as rape. In the case at bar the testimony shows that the girl was of the age of fourteen years; that she did, in fact, consent; that no force was used upon the part of the defendant to accomplish his purpose.

The offence of having sexual intercourse with a female under sixteen years of age, with her consent, the statute says is rape; but that language is rather to be considered to mean that the Legislature has enacted that one who has intercourse with a female under sixteen years of age, with her consent, shall be punished as for rape, or shall be deemed guilty of rape. That is the way the statute formerly read; it now reads that such person is guilty of rape, and he is punished accordingly. But the fact still remains that the other party is willing; she does in fact give her consent; she is not overcome by force.

The Legislature fixed the age at sixteen years. It might have fixed it at eighteen or twenty years. The weight of authority

and the better reasoned cases sustain the contention of the state upon this proposition.

It would seem a strange rule of law that if a man was indicted for incest he might escape conviction and secure an acquittal by satisfying the jury that he overcame the woman by force and violence. That seems to be the view of the Supreme Court of Oregon. We hold in favor of the state and against the plaintiff in error upon this proposition.

It is urged that the court erred in permitting the girl, Lena Straub, to testify on examination in chief by the prosecuting attorney, that her father had *sexual intercourse* with her, and it is contended that this was permitting her to state a mere conclusion without stating any of the facts. We are of the opinion that it is permissible and proper to admit such a question and answer. It is a conclusion to be sure, as many other things are that witnesses testify to; but it is simply permitting a witness to testify to an act by giving it the ordinary name. She is open to cross-examination, however, and in this case she was requred on cross-examination to relate in full, in detail, all of the facts and circumstances of the transaction, so that if there were any doubt about the propriety of allowing such a question and answer, we would not hold that the defendant had been prejudiced by it in any respect, in view of her very full recital of the facts upon cross-examination.

It is said that the court was guilty of irregularity after the jury had retired. According to affidavits filed, after the jury had been out about an hour, perhaps, they going out late in the afternoon, supper time having arrived, the court instructed the deputy sheriff to ask the jury what was the prospect of their agreeing, and the deputy did so, and reported that there was no prospect of an immediate agreement, and the jury were thereupon given their supper. And again about fifteen minutes to eleven that night, the jury not having agreed and the court, presumably desiring to know whether they were likely to agree that night, directed the deputy sheriff to ask a similar question, which he did, and in about half an hour after that time the jury did agree. These questions were asked in the absence of the defendant, and this, it is urged, was improper.

There is a statute permitting an inquiry to be made of the jury, through the sheriff, as to whether they have agreed. The question put to them was a little different, but not very different, from the one laid down by the statute. It being about supper time, and it being proper to furnish the jury with their supper if they had not agreed, or were not likely to do so soon, it seems to us it was not improper for the court to direct the deputy sheriff to inquire of the jury what the prospect of their agreeing was. They were not urged to agree, or anything of the kind, and the same may be said of the question that was asked later at night. It is of course the rule, that the defendant has the right to be present at every stage in the trial of the case, and there has been cited in argument the case of *Bennett* v. *State*, 10 C. C., 84, where the judgment was reversed, but in that case the jury were brought out into the court room ·in the absence of the defendant and asked certain things, and statements made to them that are not in this case, which it was held by the circuit court should not have been done, and the judgment was reversed. We do not think this case is like the Bennett case. In this case, the jury were not brought out of their room; this question was put to them in their room by the deputy by order of the court, and in our judgment there was no irregularity on the part of the court in that act.

It is argued that the prosecuting attorney was guilty of misconduct in his argument to the jury, which was prejudicial to the defendant. According to the affidavits the prosecuting attorney said to the jury: "I believe the defendant is guilty of having sexual intercourse with his daughter on February 2, 1901, and I am warranted from the evidence in saying that I believe he had intercourse with her on many other different occasions." The prosecuting attorney was arguing the case to the jury from his point of view and stating to them what he claimed from the evidence, and he said to them that he believed the defendant was guilty of having sexual intercourse with his daughter on the second of February, that is, the date alleged in the indictment. Certainly there could be nothing improper in that. And he said further that he believed he had had intercourse with

her on other and different occasions. Of course the defendant was only on trial for this one offense, but her conduct, and his conduct, as shown by the evidence at the time of the alleged commission of the offense in question, was before the jury; the fact that she made no resistance at that time, and that he accomplished his purpose, according to the testimony, without causing her any great pain, as she testified to, was all before the jury. The testimony of the physician who examined her was before the jury, and the fair conclusion from the testimony would be that she had had sexual intercourse with some one on other occasions, and the prosecuting attorney, arguing from this evidence to the jury, made this statement. The evidence that was offered by the state that she had had intercourse with her father on other occasions was excluded. We are not entirely clear but that this would have been admissible, not for the purpose of convicting him for an offense committed at any other time, but as shedding light on the transaction in question, and upon the question of whether the girl was telling the truth or not in her narration of the transaction; but all that was excluded, and we need not, and do not, pass upon that question. But in view of the testimony that was admitted, we do not think that this remark of the prosecuting attorney was of such a character as would constitute in any respect misconduct on his part.

It is claimed further, and urged with earnestness, that the evidence is not sufficient to sustain the verdict; that it was against the weight of the evidence; and we have examined the record with a great deal of care. It is urged that there is no corroboration; at least, not sufficient corroboration of the testimony of the girl to warrant a conviction. I do not intend to go over the testimony of the case at any great length. The girl testified as to her age, that she was about fourteen years old; that she had lived in a church institution in Cincinnati for some years; that she had come home about a year before the second of February, 1901, when this offense is alleged to have been committed. According to the testimony of the girl and the other children in the family, and the defendant, they lived in a house at Mermill, this county, in very close quarters; they had

for a time only one bed with a lounge, and part of the time, two beds; the father and the girl occupied one bed, sometimes alone, and sometimes with a smaller brother, and sometimes other children were in that room. The record discloses clearly that they did occupy the same bed at times, indeed the defendant does not deny this. The girl testifies to the transaction on the night in question; stating all of the details fully upon cross-examination. She was examined by a physician soon after this alleged occurrence, who testified that in his judgment she had had sexual intercourse with some man. There was evidence offered tending to impeach the character of the girl for truth and veracity; and testimony was offered by the state to sustain her character for truth and veracity. The defense offered testimony to sustain the character of the defendant for chastity, and the state in rebuttal called some witnesses attacking his character for chastity, and an older daughter, a sister of the girl in question—some years older —testified very positively that her father's character for chastity and his conduct with women was bad; that he had made improper suggestions to her. She testified that her father told her, her mother being dead and having been dead for some years, that it was proper for the daughter to take the place of the mother, and narrated what occurred, and there was other testimony of changing character. It it difficult under these circumstances to conceive of this girl manufacturing this charge against her father. We are unable to find any motive to impel her to come to the public authorities and charge her father with the commission of this grave offense.

It is not the rule in Ohio that a jury can not convict upon the uncorroborated testimony of an accomplice, but does that rule which impeaches the testimony of an accomplice apply with all its force to the case at bar? Was she an accomplice in the true sense of the word? An accomplice is one who freely and voluntarily engages with another in the commission of a crime, and when such person goes upon the witness stand and testifies against his partner in crime he does so often with the purpose and intention of saving himself, and his testimony is discredited; but where a girl of fourteen years, with little conception of the

enormity of the offense, is overcome by her father with whom she is occupying the same bed, and submits to incestuous intercourse upon his suggestion, and under his influence, she is not such an accomplice as necessarily renders her testimony on that account incredible or unworthy of belief unless corroborated by other witnesses. There should be in all such cases corroboration, if possible, but, as suggested by some of the cases, a girl under those circumstances, joining with her father in the commission of the offense, is not to be considered in the light of an ordinary accomplice; but the Supreme Court has said that even in an ordinary case, corroboration is not required absolutely. The court say in the case of *Allen* v. *The State*, 10 Ohio St., page 288:

"While it is the duty of the court, in their discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated testimony of an accomplice."

The court stated to the jury that the most of the evidence against the defendant was that of the girl, the so-called accomplice, and after proper caution and instructions they found the defendant guilty.

We have examined this record with a great deal of care, and considered it fully, appreciating the grave consequences of this judgment to the plaintiff in error, and we are unable to find that the jury were not warranted in finding the defendant guilty of this crime. We are of the opinion that he is guilty.

The judgment will be affirmed.

*D. R. Jones* and *Baldwin & Harrington,* for plaintiff in error.

*E. G. McClelland,* Prosecuting Attorney, for defendant in error.