254 P.2d 1063

**STATE v. HITTSON.**

No. 5554.

Supreme Court of New Mexico.

March 17, 1953.

Manford W. Rainwater, Tucumcari, for appellant.

Joe L. Martinez, Atty. Gen. and Hilario Rubio, Asst Atty. Gen., for appellee.

McGHEE, Justice.

The appellant seeks a reversal of his conviction for incest on the ground the evidence of the prosecution showed him to be guilty of rape and not incest.

The statute under which the appellant was prosecuted is Sec. 41–703, 1941 Comp., which reads:

"Persons within the following degrees of consanguinity, to wit: Parents and children, including grandparents and grandchildren of every degree, brothers and sisters of the half as well as of the whole blood, uncles and nieces, aunts and nephews, who shall intermarry with each other, or who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall be adjudged guilty of incest, and be punished by imprisonment in the penitentiary not exceeding fifty (50) years."

The prosecutrix testified she permitted the appellant, who is her father, to have intercourse with her only because he had a gun and threatened her life if she did not submit to his sexual desires.

The trial court instructed the jury over the objection of the appellant if it found beyond a reasonable doubt the appellant had sexual intercourse with his daughter it was immaterial whether he used force, fear or persuasion in order to accomplish the fact. It also refused to give instructions requested by the appellant that if the intercourse was accomplished by the father putting the daughter in fear for her safety the jury could not convict for incest.

The appellant says as the state relied for a conviction on the act of sexual intercourse between father and daughter, each must have consented to the act for one to be guilty of incest; that the words "adultery" and "fornication" each imply mutual consent, and this is especially true in view of the wording of the statute " * * * or who shall commit adultery or fornication with each other, * * *". He argues, therefore, when it appears the daughter submitted to the act through fear, the crime is rape and not incest.

The general law on the subject is stated in 27 Am.Jur. (Incest) Sec. 5, as follows:

"While the authorities are not entirely agreed on the question, in a majority of jurisdictions it is held that the consent of both parties is not an essential element of the crime of incest, and that when the intercourse and the relationship have been established, it is immaterial, as regards the defendant's guilt, whether the act of intercourse was with the consent of the other party, or was by force or fraud. Under this rule it is held that the crime may be committed even though such a degree of force is used by the defendant as to render him liable to a prosecution for rape, or even though the female is incapable of legal consent because she is not of age. The defendant's guilt is measured by his knowledge and intent, and not by the knowledge and intent of the one against whom he commits the offense. In a few jurisdictions it is held that the consent of both parties is necessary to constitute the crime of incest, and that if the illicit connection is accomplished by force, or is had with a female who is legally incapable of consenting, the defendant cannot be convicted of incest, although he may be convicted of rape. * * *"

The appellant makes a strong appeal for us to follow the able opinion in State v. Jarvis, 1891, 20 Or. 437, 26 P. 302, 23 Am.St.Rep. 141, where under a statute similar to ours that court held there must be a union of the minds as well as the bodies for an act of sexual intercourse by those

within the prohibited relationship to constitute incest; and that if the act is accomplished through force the offense is rape and not incest.

There is an exhaustive review of the cases in that opinion, among them one by Judge Cooley, De Groat v. People, 1878, 39 Mich. 124, which support the holding of the Oregon court. Another case which supports its view is State v. Thomas, 1880, 53 Iowa 214, 4 N.W. 908, but this last case was disregarded in State v. Chambers, 1893, 87 Iowa 1, 53 N.W. 1090, and in effect overruled in State v. Hurd, 1897, 101 Iowa 391, 70 N.W. 613. We believe nearly all of the cases which support the rule announced in the Jarvis case are cited therein and we will not here list them.

There are a number of well-reasoned cases from various jurisdictions with statutes identical with ours, for all practical purposes, which declare the consent of both parties to the act of sexual intercourse between persons related within the prohibited degrees is not necessary to a conviction for incest. Among them is the case of People v. Stratton, 1904, 141 Cal. 604, 75 P. 166, 167. Section 285 of the California Penal Code read, in part, as follows:

"Persons, being within the degrees of consanguinity within which marriages are declared by law to be incestuous and void * * * who commit fornication or adultery * * * are punishable * * *".

The Stratton case points out the fact the Oregon court in the Jarvis case interpreted the law as making mutuality of agreement and joint consent of the essence of the crime, and this was done by judicial construction, not by the express declaration of the law. The California court states:

"* * * The gravamen of the crime of incest, as of rape, is the unlawful carnal knowledge. In rape it is unlawful because accomplished by unlawful means. In incest it is unlawful, without regard to the means, because of consanguinity or affinity. Where both the circumstances of force and consanguinity are present, the object of the statute being to prohibit by punishment such sexual intercourse, it is not less incest because the element of rape is added, and it is not less rape because perpetrated upon a relative. In this, as in every offense, the guilt of the defendant is measured by his knowledege and intent, and not by the knowledge and intent of any other person. * * *"

The court followed its holding in People v. Kaiser, 1897, 119 Cal. 456, 51 P. 702, and affirmed the conviction.

We agree with the California court that the purpose of the statute is to prevent sexual intercourse between close relatives, and the free act of the one being tried,

with knowledge of the relationship, is all that is required. It is immaterial that the same testimony would have sustained a conviction for rape.

Other cases from states with similar statutes which support our conclusion are: Signs v. State, 1926, 35 Okl.Cr. 340, 250 P. 938; State v. Nugent, 1899, 20 Wash. 522, 56 P. 25; People v. Gleason, 1893, 99 Cal. 359, 33 P. 1111; Commonwealth v. Goodhue, 1840, 43 Mass. 193, 2 Metc. 193; State v. Robinson, 1910, 83 Ohio St. 136, 93 N. E. 623, and State v. Freddy, 1906, 117 La. 121, 41 So. 436.

We hold the instruction complained of was correct and the judgment is affirmed.

It is so ordered.

SADLER, C. J., and COMPTON, COORS, and LUJAN, JJ., concur.