THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VIRGINIO ORTIZ RIVERA, Defendant and Appellant.

No. CR-64-15.      Decided March 11, 1965.

---

[20] *Op. cit.* at 62.

*Juan A. Pujals,* attorney designated by the Supreme Court to offer legal assistance to defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The appellant was accused of incest. He was charged with having lain and having had sexual intercourse with his daughter. He waived his right to trial by jury. He was found guilty of the offense of attempted incest. In support of the appeal from the sentence imposed he alleges "that the People's evidence was insufficient to support the judgment."

The evidence showed that defendant sent for his daughter who was at her grandmother's home. When the girl arrived home her father was not there, so she started to sew a pair of panties; that her father returned soon afterwards, pushed her onto the bed and lay on her. She testified that she did not have panties on and that her father pulled up her dress. Defendant had the zipper of his pants open and was on top of the minor for about two minutes. She felt pain on the lower part of the abdomen and in the pelvis. Apparently, while in that position the girl's father saw a cousin of the former peeping through a hole in the door and got up, pulled up his zipper and left. The cousin testified that he saw defendant lying on the bed beside the prosecutrix, and that apparently the former saw him because he (defendant) got up immediately. The witness observed that defendant's member was erect. When he got up from the bed he put it inside his pants and pulled up the zipper.

This was the evidence introduced before the judge who sat in the case. The defense did not introduce any evidence. Even though there are some contradictions in the evidence, they are so unsubstantial that they in no way alter the fact that defendant attempted to have sexual intercourse with his daughter.

■ The penal precept which punishes incest—§ 275 of the Penal Code, 33 L.P.R.A. 1115—came to our legal code from the State of California. In *People* v. *Gleason*, 33 Pac. 1111 (1893) the Supreme Court of that state decided that the offense of incest could be committed in an attempt degree. To that effect it stated that if the intent to commit incest was shown, any overt acts performed to that effect constitute attempt to commit the crime of incest, and the failure to consummate it is irrelevant. The Supreme Court of that state ratified this doctrine recently in *People* v. *Downer*, 372 P.2d 107 (1962). It expressed the doctrine in more detail in certain rules:

■ "(1) The crime of attempted incest is complete if the evidence is sufficient to show the concurrence of (a) the intent to commit such a crime, together with (b) direct, though ineffectual, acts done toward its commission.

"(2) To constitute attempted incest, the defendant's conduct must go beyond mere preparation and must reach far enough toward accomplishment of the desired result to amount to commencement of the consummation.

■ "(3) Whenever the design of a person to commit a crime is clearly shown, slight acts done in furtherance thereof will constitute an attempt.

■ "(4) In order to accomplish the crime of attempted incest, it is not necessary that there be any penetration."

■ In the state of Utah when this same question was considered in *State* v. *Winslow*, 85 Pac. 433 (1906) the following was stated:

"It is also urged that the defendant, on the charge of incest, cannot properly be convicted of an attempt to commit incest. Section 4893, Rev. St. 1898, provides: 'The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of the attempt to commit the offense.'[1] When a party proceeds far enough in the perpetration of a crime as to clearly indicate his intention, coupled with an attempt to carry it into effect, and thereafter desists or fails to consummate the crime he may be found guilty of an attempt. We see no reason why an exception should be made in the crime of incest. None is made by the statute, nor by the authorities. It is said, 'an attempt to commit incest has been said to contain two elements—an evil intention and a simultaneous resulting act which, if fully performed, would constitute the substantive crime.' 16 Am. & Eng. Enc. L. 141. The authorities generally hold that on a charge of incest the defendant may be convicted of an attempt to commit incest."

See also *State* v. *Lutheran*, 82 N.W.2d 507 (S.D. 1957); *State* v. *McGilvery*, 55 Pac. 115 (Wash. 1898).

■ The facts in the case at bar fit perfectly into the ambit of the rules hereinbefore stated. The evidence clearly showed the intention of committing the offense of incest as well as overt acts directed to its perpetration. The fact that they were not consummated lacks merit.

The judgment appealed from will be affirmed.

---

[1] The same provision appears in § 286 of the Code of Criminal Procedure, 34 L.P.R.A. § 817. Rule 147 of the Rules of Criminal Procedure provides:

"The defendant may be found guilty of any lesser offense the commission of which is necessarily included in that with which he is charged; or of a lesser offense than that with which he is charged; or of an attempt to commit either the offense charged or any offense the commission of which is necessarily included therein, or of any degree thereof, if the attempt constitutes in itself, an offense."